### DE SHONG MOTOR FREIGHT LINE, Inc., v. WHISNAND et al.

#### No. 13511.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 16, 1936.

Rehearing Denied Nov. 20, 1936.

Clem Calhoun, of Amarillo, for appellant.

Mike Anglin, Co. Atty., and J. Walter Friberg and Eugene Sherrod, Jr., Asst. Co. Attys., all of Wichita Falls, for appellees.

DUNKLIN, Chief Justice.

In this suit the De Shong Motor Freight Lines, Inc., sought a temporary writ of injunction against O. E. Whisnand, deputy sheriff of Wichita county, and two constables and one deputy constable of the same county from unlawfully stopping and detaining plaintiff's trucks upon the highways of Wichita county for the purpose of weighing the same for alleged violations of traffic laws limiting loads carried, and from unlawfully arresting plaintiff's agents in charge of the trucks for such alleged violations.

It was alleged that: "The defendants hereinabove mentioned are peace officers and are not license and weight inspectors of the State Highway Department. That neither of said defendants is a license and weight inspector of the State Highway Department and is not a State Highway Patrolman, State License Inspector, or State Weight Inspector; nor are they agents, representatives, or employees of the State Highway Department of the State of Texas, nor of the Railroad Commission of the State of Texas; nor are they inspectors of said Railroad Commission. Said defendants being two constables, a deputy constable, and a county highway officer and deputy sheriff, as aforesaid, they are only commissioned in such capacities and their duties and powers are only those given by the law of the State of Texas to such persons as such officers, and not otherwise."

It was further alleged that defendants, without any legal warrant, had stopped plaintiff's trucks on numerous occasions to ascertain whether or not they were carrying loads in excess of the statutory limit of 7,000 pounds, and had made arrests when the trucks were found to be overloaded.

According to further allegations, plaintiff company is operating motor carrier freight lines from Dallas, through Fort Worth and Wichita county, to Amarillo, under and by virtue of an intrastate permit issued by the Railroad Commission of the State and is employing several trucks in the business, all of which are properly licensed by the State and Railroad Commission, and is not violating the provisions of the highway statutes prohibiting overloading of its trucks.

Upon a hearing of the application, evidence was introduced, after which the application for the temporary writ was denied, and plaintiff has appealed.

Upon a former day of this court the judgment of the trial court was affirmed in a memorandum conclusion based on the recent decision of our Supreme Court in New Way Lumber Co. v. Smith, 96 S.W. (2d) 282, 290. But in view of appellant's elaborate briefing of the issues presented, we shall now discuss them specifically.

There is a statement of facts in the record which embodies this agreement of counsel for the respective parties:

"It is agreed between all parties to this suit that the DeShong Motor Freight Lines, Incorporated, is a Texas corporation, with its principal place of business

at Amarillo, Potter County, Texas; that the defendant H. G. Whisnand, is constable of Precinct No. 4, Wichita County, Texas; that R. W. Loudemy is constable of Precinct No. 3, Wichita County, Texas; that Proctor L. McDonald is a deputy constable of Precinct No. 4, Wichita County, Texas; that O. E. Whisnand is county highway officer of Wichita County, Texas, holding a commission as deputy sheriff of said county. That each of said officers have been duly appointed or elected to the various offices above mentioned, and acting as such officers at this time.

"That the plaintiff is a common carrier of motor freight between Dallas, Texas, and Amarillo, Texas, and holds permit No. 2156 from the Railroad Commission of Texas, and in operating such truck line the route crosses Wichita County, Texas, and precincts 3 and 4 of said county, and it is necessary to operate such trucks over such route in order to carry out the business of the plaintiff. That neither of the defendants is a license and weight inspector of the state highway department nor a state highway patrolman or state license inspector or a state weight inspector, and are in no way connected or employed by the state highway commission or the Railroad Commission of the State of Texas. It is further agreed that O. E. Whisnand, one of the defendants above mentioned, was duly appointed by the Commissioners Court of Wichita County as county traffic officer under article 6699 of the Revised Statutes, and while he carries a commission of deputy sheriff the duties of his office are those set out in said statutes articles 6699 and 6699a of the Revised Statutes."

The statement of facts also gives the testimony of O. E. Whisnand, who was the only witness introduced. He testified that he had stopped two of plaintiff's trucks and detained them for about ten minutes for the purpose of ascertaining whether or not they were overloaded, and upon finding that they carried excess loads he had filed complaints against the drivers before the justice of the peace in Iowa Park where he had taken the two drivers. He carried scales with which he weighed the trucks; by inspection he could determine whether a truck probably carried an overload and never stopped one unless it so appeared; many were never stopped and the only ones he had stopped were found carrying an overload, under the

statutes; he always acted without a statutory warrant for search and seizure or arrest, and he expected to continue such procedure in the future under like circumstances.

No testimony was introduced to show that any of the other officers made defendants in the suit, viz., constables and deputy constable, have done any of the acts complained of or are threatening such action. Nor was any testimony introduced by plaintiff to show that its trucks were not carrying loads in excess of the maximum fixed by the statutes.

By decision of our Supreme Court in New Way Lumber Co. v. Smith, supra, it is definitely settled that the act of an officer of the State Highway Patrol, in stopping and detaining a truck on the highway to determine whether or not there has been a violation of the statutory regulation pertaining thereto and the arrest of the driver if found guilty, all without a statutory warrant therefor, does not violate any of the provisions of either the Federal or State Constitution (Const.U.S. Amend. 4; Const.Tex. art. 1, § 9), or any statute guaranteeing to the citizen security against unreasonable search and seizure of their effects and against warrants of arrest without probable cause. It is true, as stressed by appellant, that in the concluding portion of that opinion this is said: "This record shows that in this case all the acts of which plaintiffs in error complain were done by officers described in the act and authorized to enforce the law. The question as to the power of other officers, such as constables, sheriffs, etc., not described in this law, to enforce the provisions thereof, is not before us for decision, and upon that question we express no opinion."

However, if it was one of the statutory duties of O. E. Whisnand to stop and arrest the driver of a truck carrying a load of excess weight, then, for the same reasons given in the above case, his acts, under the circumstances related, were not violative of any constitutional right vouchsafed to plaintiff.

Appellant also cites and stresses the recent decision of our Court of Criminal Appeals in Head v. State, 96 S.W.(2d) 981. In that case it appears that a constable stopped Head's truck because it appeared to be carrying an excessive load and demanded Head, the driver, to drive it to the scales to be weighed, and the

prosecution was against him for refusal to obey that demand. In the opinion of the court on original hearing reversing the judgment of conviction, this was said:

"The state's attorney before this court concedes that the statute in question (section 6, art. 827a [Vernon's Ann.P.C.]) confers authority only upon license and weight inspectors of the state highway department to require drivers and operators of motor vehicles to have their trucks and contents weighed; and that constables and other peace officers of the state are without such authority. In this view we are inclined to concur.

"The judgment is reversed, and the cause remanded."

We quote the following from the opinion on rehearing:

"The sole point urged by appellant on the trial was that under the terms of the law quoted in our original opinion only license and weight inspectors of the state highway department are authorized to weigh the vehicle mentioned, or to request it to be driven to the nearest scales, if they were within two miles, for the purpose of there having it weighed, and that appellant violated no law in refusing to drive his vehicle to the scales at Grandview, upon request of the constable, because said officer was without authority to act under the statute named.

"It will be observed that appellant was not being prosecuted for operating an overloaded truck, and there is no evidence in the record to show that the truck was in fact overloaded. The prosecution was based solely upon his refusal to drive the truck to the scales to ascertain whether it was so overloaded."

The court further concluded that, since the offense charged was not a breach of the peace which gave the constable lawful right to arrest without a warrant, under articles 212, 213 of our Code of Criminal Procedure, prosecution was for violation of the provisions of article 827a, Vernon's Ann.Penal Code, and in order to convict it was necessary to show that the constable who stopped the truck had authority under that particular statute to require Head to drive it to the scales for weighing. If that authority was not given him by that statute, then it followed, logically, that no offense was proven; the rule of strict construction of penal statutes being controlling.

As recited in the agreed statement of facts, O. E. Whisnand, the officer who committed the acts complained of, was duly appointed by the commissioners' court of Wichita county as county traffic officer under article 6699 of the Revised Statutes, and while he carries a commission of deputy sheriff, the duties of his office are those set out in articles 6699 and 6699a, Revised Statutes.

Article 6699 reads, in part, as follows: "The commissioners' court of each county, acting in conjunction with the sheriff, may employ not more than two regular deputies, nor more than two additional deputies for special emergency to aid said regular deputies, to be known as county traffic officers to enforce the highway laws of this State regulating the use of the public highways by motor vehicles. * * * Said deputies shall at all times co-operate with the police department of each city or town within the county, in the enforcement of said traffic laws therein and in all other parts of the county."

Article 6699a provides: "Such deputies as are provided for herein shall be appointed by the commissioners' court and be deputized by either the sheriff or any constable of the county in which they are appointed, and no other officers shall make arrests in this State for violation of laws relating to highways now in effect in this State. Such deputies as provided for herein shall at all times when in the performance of their duties wear a full uniform with a cap and badge, the badge to be displayed on the outside of the uniform in a conspicuous place. Such officers shall remain in and upon the highway, and at all times patrol the same while in the performance of their duties, only leaving the highway to pursue any offender whom such officers were unable to apprehend upon the highway itself. * * * Such officers shall perform all their duties and make arrests for violation of any law of this State appertaining to the control and regulation of vehicles operating in and upon any highway, street, or alley of this State."

█ Those are articles in the 1925 Revised Civil Statutes. By article 827a of the Penal Code (Vernon's Ann.P.C.), enacted in 1931 by the 42d Legislature (chapters 164, 282), authority to stop freight trucks and arrest drivers for violation of statutory highway regulations was vested in officers of the State Highway

Department, but that act did not purport to make the powers so conferred exclusive and repeal provisions of articles 6699 and 6699a, copied above. To the contrary, it is manifest that article 827a of the Penal Code (Vernon's Ann.P.C.) was enacted for further protection of the travelling public, as shown by this recital in section 16 of that statute, reading: "To insure the adequate enforcement of this Act and all other laws relating to vehicles and their use on the public highways, the State Highway Department is hereby authorized to and shall employ one hundred twenty (120) State Highway Patrolmen, in which shall be included all License and Weight Inspectors now authorized by Law, who shall be charged with the duty. of strictly enforcing said Laws."

Jurisdiction of officers of the State Highway Department extended to the whole State, while that of the special officer appointed by the commissioners' court was confined to the county in which he was appointed.

■ Articles 6699 and 6699a unquestionably vested O. E. Whisnand with authority, and it was made his official duty, as recited in article 6699a, to "make arrests for violation of any law of this State appertaining to the control and regulation of vehicles operating in and upon any highway, street, or alley of this State." And the further provision in the latter article that "such officers shall remain in and upon the highway, and at all times patrol the same while in the performance of their duties, *only leaving the highway to pursue any offender whom such officers were unable to apprehend upon the highway itself*" (italics ours), clearly implies authority to determine in the first instance that a highway restriction has been violated and then arrest the offender, without a warrant. Nor would the exercise of such authority be violative of any constitutional right of the driver or owner of the truck. New Way Lumber Co. v. Smith (Tex.Sup.) 96 S.W.(2d) 282.

Articles 6699 and 6699a, applicable to a specific situation, will be construed as an exception to any general statute, if any be found, requiring a statutory warrant for authority to do the acts done by the officer O. E. Whisnand. Cole v. State ex rel. Cobolini, 106 Tex. 472, 170 S.W. 1036; Ellis v. Batts, 26 Tex. 703; Townsend v. Terrell, 118 Tex. 463, 16 S.W. (2d) 1063.

■■ A further distinction is that this suit is not a criminal proceeding but a civil action for equitable relief, and plaintiff has failed to sustain by proof its allegation that it was not violating the provisions of the highway statutes. Nor has it discharged the further burden of showing that it has no adequate legal remedy for the wrongs complained of. As shown by the facts, on each occasion the trucks were stopped and weighed, they were carrying prohibited loads. Further, if the truck drivers should at any time be arrested when not guilty, they will have an adequate remedy for acquittal when tried. The prayer of plaintiff for a writ of injunction to protect it from vexatious annoyances by highway officers is without merit in a court of equity, in the absence of a showing that such acts are based upon some invalid statute, or are without sufficient probable cause in fact, and prompted by some improper motive. 24 Tex.Jur. § 42, p. 59; § 49, p. 70; 32 C.J. § 14, p. 34; §§ 19, 20, p. 41; § 22, p. 42; § 29, p. 49; § 30, p. 51; § 450, p. 284.

"An injunction will not issue to restrain officers from making an arrest for alleged violation of law, and it is immaterial that the party asserts his innocence, or that the officers are mistaken in their opinion as to what constitutes a crime. The appropriate remedy in case the arrest is unlawful is by action for damages against the individual officers or by indictment." 32 C. J. § 451, p. 285.

And if the threatened injury has been brought about by plaintiff's own violation of law or other wrongful act, then he does not come into court with clean hands and relief will be denied for that further reason.

To restrain further interference with the operation of plaintiff's trucks, especially in face of the fact that it has been overloading them in the past with no excuse therefor except the untenable reasons pointed out above, would tend to defeat the commendable public policy of the State expressed in the statutes to make the highways safe for travel and lessen injuries from auto traffic, which the courts judicially know are occurring with apparently increasing frequency and so often with fatal results.

Accordingly, our decision on original hearing affirming the action of the trial judge in refusing the temporary writ of

injunction is adhered to; and appellant's motion for rehearing is overruled.

But since the acts complained of were done by O. E. Whisnand under his special appointment by the commissioners' court, and by none other, the further question, whether or not the constables and deputy constables also named as defendants in the suit and not acting under such an appointment had authority to do the things done by Whisnand, is not before us, and upon that issue we express no opinion.

Motion for rehearing denied.