# MARCH, 1904.

### GREINER-KELLEY DRUG COMPANY v. J. H. TRUETT, COUNTY ATTORNEY.

No. 1283.  Decided March 3, 1904.

**Injunction—Criminal Prosecution.**

The general rule that a court of equity will not issue injunction to restrain criminal prosecutions, applies to the case of a wholesale druggist seeking to enjoin the county attorney from threatened prosecutions under the local option law for selling liquor to retail druggists in the ordinary course of trade. Whether such act would be a violation of the law is not determined. (Pp. 380-383.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

Injunction was refused by the trial court on application of the drug company, and the decision affirmed on its appeal, whereupon it obtained writ of error.

*F. B. Dillard, Head & Dillard,* and *C. L. Galloway,* for plaintiff in error.—The court erred in rendering judgment against the plaintiff and in refusing to grant a writ of injunction as prayed for, because article 16, section 20, of the State Constitution was not intended to prohibit the sale of alcohol by wholesale druggists to retail druggists as a drug or medicine to be sold by such retail druggists according to law, and the conclusions of fact show that plaintiff only intended to sell alcohol in the due course of its trade, as a drug or medicine to such retail druggists. Sayles' Stats. 1897, arts. 3385, 5060a; Bowman v. State, 38 Texas Crim. Rep., 23; Sparks v. State, 45 S. W. Rep., 493; McLain v. State, 64 S. W. Rep., 865; Thomasson v. State, 15 Ind., 449; Intoxicating Liquor Cases, 25 Kan., 751, 37 Am. Rep., 284; Black on Intox. Liq., sec. 206.

The court erred in rendering judgment against plaintiff and denying a

writ of injunction, because article 16, section 20, of the State Constitution was adopted for the purpose of giving the right to counties, cities, etc., to prohibit the sale of intoxicating liquors in such counties as a beverage, and was adopted in the light of the universal use of alcohol as a medicine, and the conclusions of fact show this to be true. Same authorities.

The court erred in rendering judgment against the plaintiff and denying it a writ of injunction, because the Legislature can not prohibit the sale of alcohol as a medicine, its only power being to regulate. Same authorities, and the following: Commonwealth v. Fowler, 28 S. W. Rep., 786; Anderson v. Commonwealth, 72 Ky., 569.

The court erred in rendering judgment against the plaintiff, and denying it a writ of injunction, because the court had the power to grant such writ to prevent criminal prosecution against its agents, servants and salesmen, the county attorney having threatened such prosecution, and plaintiff's property suffering irreparable loss and destruction. See all preceding authorities; also, City of Austin v. Austin City Cemetery Assn., 87 Texas, 330; Manor Casino v. State, 34 S. W. Rep., 769; 16 Am. and Eng. Enc. of Law, 2 ed., 372.

*J. K. Jameson* and *Chas. Batsell,* for defendant in error.—When a prosecution is threatened under a criminal statute and no question is raised as to the validity of such statute, but the sole purpose of the suit is to secure a judicial construction of such statute in advance of such threatened prosecution, injunction is not the remedy and the courts are not authorized by law to grant a writ of injunction. Chisholm v. Adams, 71 Texas, 681; City of Austin v. Austin City Cemetery Assn., 87 Texas, 330; Ludlow and C. Coal Co. v. City of Ludlow, 43 S. W. Rep., 435; Harding v. Com. Ct. of McLennan Co., 65 S. W. Rep., 56; Burnett v. Craig, 30 Ala., 135, 68 Am. Dec., 115; 16 Am. and Eng. Enc. of Law, 2 ed., 358, subdivs. 4, 9.

When a criminal prosecution is threatened and the facts constituting the supposed crime are admitted, and it becomes a mere question whether certain acts to be done some time in the future by the party threatened will constitute a crime, and when the threatened prosecution affects no other save and except the party threatened, his agents and employes who may be engaged in the commission of such acts, then the party threatened has his legal remedy and is not entitled to a writ of injunction. Same authorities.

If the acts which appellant, its agents and employes, propose and intend to do as shown in its petition, and the agreed facts in this case, amount to and constitute a violation of the local option law, then the court not only had the right but it was clearly its duty to refuse the writ of injunction.

The local option statute intends to prohibit and does prohibit the sale of alcohol for medical purposes, whether at wholesale or retail, except by a duly licensed person, firm, corporation or association of per-

sons upon the prescription of a regular practicing physician, and appellant does not show by its petition and by the agreed facts that its business is within the exception or that it will conform to the regulations provided by law after local option becomes operative in Grayson County. Penal Code, art. 402; Rev. Stats., art. 5060a, as amended by 25th Leg.; Sayles' Rev. Stats., art. 3385; Nichols v. State, 40 S. W. Rep., 268; Snead v. State, 49 S. W. Rep., 597; Pike v. State, 40 Texas Crim. Rep., 616; Watson v. State, 57 S. W. Rep., 101.

The local option statute, the validity and constitutionality of which are unquestioned in this case, are plain and unambiguous and there is no room or need for construction or interpretation, and no exception can be engrafted upon the law by judicial construction. See authorities cited under last proposition; also, Rothschild v. State, 7 Texas Ct. App., 536; Smith v. State, 18 Texas Ct. App., 454; Murray v. State, 2 S. W. Rep. 757; Sedgwick on Con. and Stat. Law, 231; State v. Gummer, 22 Wis., 441; Commonwealth v. Kimball, 24 Pick., 366; State v. Woodward, 34 Me., 293; Carl v. State, 89 Ala., 93; State v. Wool, 86 N. C., 708; Gault v. State, 34 Ga., 533; Noecker v. People, 91 Ill., 468.

If the court should be of the opinion that it is a matter of doubt whether sales of alcohol made by appellant in the course of its business as alleged would be in violation of the local option law, still the injunction should be refused in the sound discretion of the court as a matter of public policy, and appellant should be required to resort to his legal remedy through the courts having jurisdiction to hear and determine the questions involved when the prosecution is instituted. 16 Am. and Eng. Enc. of Law, 2 ed., 363; 18 Am. and Eng. Enc. of Law, 2 ed., 425.

WILLIAMS, ASSOCIATE JUSTICE.—The local option law prohibiting the sale of intoxicating liquors having been put in force by an election in Grayson County, the plaintiff in error, a corporation domiciled in that county and engaged in selling drugs by wholesale, instituted this proceeding to enjoin the defendant in error, the county attorney, from prosecuting its salesmen for sales of alcohol as a drug to retail druggists in the ordinary course of plaintiff's business. No sale had been made and no prosecution had been begun, but the defendant had notified the plaintiff that such sales of alcohol as plaintiff purposed to make were, in his opinion, inhibited by the law, and that defendant would institute prosecutions for all such sales as might be made. The plaintiff alleged these facts in its petition and claimed, in substance, that this was an unlawful interference with its business which would deter its agents from selling its alcohol and would impair its business and the value of its stock of alcohol on hand, and thereby inflict irreparable injury upon it; or, if it proceeded to make such sales, would involve its agents in many prosecutions. It claimed that such sales of alcohol to retail druggists for use as a drug and not as a drink would not be a violation of the law.

The district judge refused the injunction, the ground of his decision
not appearing from the record. The Court of Civil Appeals affirmed this
judgment on the ground that such sales of alcohol as plaintiff claimed
the right to make were prohibited by the law, pretermitting any decision
of the question whether or not, if plaintiff were right on this point, the
case made entitled it to an injunction to prevent the threatened prose-
cutions. This latter question must be decided before the other is reached,
for the reason that, until a proper case is presented calling for the exer-
cise of equity jurisdiction to grant an injunction, a court of equity has
nothing to do with such questions as that decided by the Court of Civil
Appeals. We are of the opinion that such a case was not made by the
petition and the Court of Civil Appeals should have so held, leaving to
the proper tribunals invested with jurisdiction to try criminal prosecu-
tions the question whether or not sales of the character in question
would constitute violations of the law. The course purposed by the
respondent was merely to institute, before the courts established by law
to try such issues, legal proceedings in which the question whether or
not the acts charged constituted violations of an existing and valid law
was properly determinable. The plaintiff does not claim that the law
is void or not properly in force in Grayson County; but, conceding that
it is in full force, plaintiff seeks to put in issue the guilt or innocence
of its agents in making particular sales. Courts of equity are not or-
ganized to try such questions, and therefore generally refuse to enjoin
criminal prosecutions. That this is the general rule is established by a
multitude of authorities. There are some exceptional cases in which
the writ has been used to restrain invasions of civil and property rights
under guise of penal proceedings, but none found by us furnishing a
precedent for granting the relief here sought. They are generally cases
in which municipalities, by void ordinances or regulations, have invaded
franchises or rights of property of corporations or individuals, and have
sought to enforce such ordinances or regulations by penalties. In these
cases the injunction was directed against the municipality itself or those
of its officers by whom its authority was represented, and the perpetua-
tion of it at once established the invalidity of such authority and pro-
tected the property right. Even in this class of cases the jurisdiction
is not always admitted. City of Austin v. Austin Cemetery Assn., 87
Texas, 330; City of Atlanta v. Gas Light Co., 71 Ga., 106; Burnett v.
Craig, 68 Am. Dec., 115; Wardens v. Washington, 109 N. C., 21; Mobile
v. Louisville, etc., Ry. Co., 5 Am. St. Rep., 342; Davis v. Fastig, 128 Ind.,
271; Kerr v. Corporation of Preston, L. R., 6 Ch. Div., 462. Many
other cases might be cited, illustrating the general rule and excep-
tions which have been made to it. The exceptional cases, when they
are sound, necessarily rest upon their own extraordinary states of
fact and establish no general principle in favor of the use of the in-
junction for such purposes. In allowing the writ they all necessarily
rest upon the assumption of its adequacy and of the inadequacy of

other remedies. Where prosecutions are threatened under a municipal ordinance, an injunction against those who alone can enforce it, followed by a judgment declaring its nullity, is at least adequate to prevent prosecutions under it. But how is it here? A valid law is in force under which the district attorney, magistrates, grand juries, and citizens generally may commence prosecutions. An injunction against the county attorney would therefore lack the virtue of superior efficacy, which should be its foundation. A decision in such a case that a particular kind of sale was not an offense might be respected as a precedent, but so would a like decision of the proper court in a criminal prosecution be respected, and for a better reason.

Again, an injunction like that prayed for would be little more than an instruction from the court to the officer defining the sales which are to be allowed, and it would always be open to him to prosecute for sales not within the terms of the definition, or which, if ostensibly within them, were really evasions of the law. Now, the law itself gives the definition of the offenses which it intends shall be punished and prescribes the courts in which and the procedure through which it is to be applied and the guilt or the innocence of persons prosecuted under it is to be determined. In our opinion it would be little short of usurpation for a court of equity to take hold of the officers and substitute, in advance, for the definitions of the law, its own, and enforce by the writ of injunction conformity to the rule prescribed. Especially is this true where the final construction of the penal laws is intrusted to the Court of Criminal Appeals and not to the courts administering civil remedies.

The case of Davis v. American Society, etc., 75 N. Y., 362, is thus stated in the opinion of Mr. Justice Earl: "The plaintiffs allege in their complaint that in January, 1873, they were engaged extensively in the business of slaughtering hogs, in the city of New York; and they describe the manner in which they conducted their business, claiming that they slaughtered the hogs by the most approved, expeditious, humane and painless methods; and they allege that the defendant Bergh, the president of the defendant, the American Society for the Prevention of Cruelty to Animals, came to their place of business and announced to them and their employes that they must discontinue slaughtering hogs by the methods then used, and thereupon arrested the plaintiff Crane and one of such employes for alleged cruelty to animals, and threatened that he would return in one week, and if he then found the plaintiffs or others carrying on said business, in the same way, he would arrest all persons engaged in it and stop the business, as often as he found plaintiffs conducting it in that way. They then allege the extent and character of their business and facts showing that if Bergh should carry his threat into execution they would suffer great damage, for which no adequate remedy could be had in actions at law, a multiplicity of which would have to be instituted at great expense. They further allege that they are informed and believe that Bergh claims to have authority

to interfere with and stop plaintiffs' business, under pretense of cruelty to the hogs slaughtered, and that they are apprehensive that unless restrained he will endeavor to carry his 'threats into execution, and will continually interfere with and arrest plaintiffs and their employes, and stop said business so long as plaintiffs carry it on in the manner aforesaid;' and they pray judgment perpetually restraining the defendants and their agents 'from interfering with plaintiffs in their business in any way or manner whatever, and from interfering with their agents and employes while engaged' in such business. They do not allege that there is no valid law under which the defendants can act to prevent cruelty to animals, or that the defendants are not authorized to prevent such cruelty; but the claim put forth is that the plaintiffs do not practice any cruelty to the hogs; and they thus tender an issue of fact as to their guilt or innocence of the crime alleged against them."

After holding that Bergh had authority to make the arrests the court say:

"Hence it can not be disputed that Bergh was acting under a valid law and regular authority, and that he had the right to make the threatened arrests, if the plaintiffs were actually engaged in violating the law to prevent cruelty to animals.. The only question for contestation was whether, as matter of fact, they were guilty or innocent of such violation; and the determination of that question could not, by such an action as this, be drawn to a court of equity. Whether a person accused of a crime be guilty or innocent is to be determined in a common law court by a jury; and the people, as well as the accused, have the right to have it thus determined. If this action could be maintained in this case then it could in every case of a person accused of a crime, where the same serious consequences would follow an arrest; and the trial of offenders, in the constitutional mode prescribed by law, could forever be prohibited. A person threatened with arrest for keeping a bawdy house, or for violating the excise laws, or even for the crime of murder, upon the allegation of his innocence of the crime charged and of the irreparable mischief which would follow his arrest, could always draw the question of his guilt or innocence from trial in the proper forum. An innocent person, upon an accusation of crime, may be arrested and ruined in his character and property, and the damage he thus sustains is damnum absque injuria, unless the case is such that he can maintain an action for malicious prosecution or false imprisonment. He is exposed to the risks of such damage by being a member of an organized society and his compensation for such risks may be found in the general welfare which society is organized to promote.

"This action is absolutely without sanction in precedents or principles of equity." Further on the opinion has to say: "The case nearest in point for the plaintiffs is that of Wood v. City of Brooklyn, 14 Barb., 425. It is but a special term decision, and yet it is by an able judge; and I will refer to it only to point out more clearly a distinction which

I make. There an injunction was granted to prevent the enforcement of a void ordinance of the city of Brooklyn. Without determining whether that case was properly decided, it is widely different from this. If here, the law under which Bergh was acting had been wholly void, or if he had been wholly without authority to act under the law, then this case would have been analogous to that. But that case would have been widely different, and certainly have required a different determination, if the ordinance had been valid, and the sole question had been whether or not the plaintiff was guilty of its violation. It is therefore unnecessary to determine, in this case, whether the plaintiffs were, as matter of fact, guilty of violating the law."

The case before us does not, perhaps, depend so distinctly as that upon a question of fact, but most of the reasoning of the opinion, which we regard as sound, is applicable. The plaintiff seeks to have the court declare, in advance, as matter of law, that sales made under given circumstances would be lawful, but the courts appointed to try alleged violations of law are as competent to decide this question as the questions of fact which would be involved, and to them is confided by law the function of deciding both. Any decision which this court might make, as we have pointed out, would necessarily be inconclusive; and this alone shows the impropriety of employing the writ of injunction for such a purpose. It follows that the judgment of the District Court, refusing the injunction, should be affirmed without a decision of plaintiff's contention as to its right to make the sales.

*Affirmed.*

Justice Brown not sitting.