**CITY OF PORT ARTHUR et al. v. YOUNG et al. (No. 1162.)**

(Court of Civil Appeals of Texas. Beaumont. July 7, 1924.)

**1. Injunction ⬌105(1)—Equity will not restrain enforcement of criminal law or ordinance, in absence of showing enforcement will result in unusual hardship.**

Equity will not restrain enforcement of criminal law or ordinance, unless enforcement will result in property loss, or destruction of some vested right, or will be attended with unusual, exceptional, or extraordinary results, not ordinarily suffered by a defendant charged with a penal offense.

**2. Injunction ⬌105(2)—Motor bus owners held not entitled to restrain city from enforcing ordinance prohibiting operation of busses.**

Owners of motor busses *held* not entitled to restrain a city, incorporated under Sp. Acts 32d Leg. c. 52, art. 3, subc. 5, § 1, from enforcing an ordinance prohibiting the operation of busses between defendant city and another city, because property interests were not involved, and enforcement would not destroy vested · rights, or be attended with unusual circumstances or work a hardship.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by J. A. Young and others against the City of Port Arthur and others. From an order making permanent a temporary restraining order, defendants appeal. Reversed and remanded.

Wistner & White, of Port Arthur, for appellants.

Dycus & Shivers, of Port Arthur, for appellees.

WALKER, J. This suit was instituted by appellees to restrain appellants from enforcing an ordinance of the city of Port Arthur, "prohibiting the operation of passenger motor busses from any point within the city of Port Arthur, Texas, to the city of Beaumont, Texas, and from the city of Beaumont, Texas, to any point within the city of Port Arthur, Texas." The judge of the Fifty-Eighth judicial district granted a temporary restraining order on appellees' petition, and on hearing overruled appellants' motion to dissolve and made the order permanent.

Omitting the formal allegations of appellees' petition, the ordinance as copied therein, and all allegations stricken out of appellants' special exception, appellees' petition was as follows:

"* * * For cause of action, plaintiffs represent to the court as follows:

*       *       *       *       *       *

"Second. That they are each engaged in running automobiles for hire from the city of Port Arthur, Jefferson county, Texas, to the city of Beaumont, Jefferson couny, Texas, and that they have complied with all laws, rules and regulations of the state of Texas and of the city of Port Arthur and of the city of Beaumont, Jefferson county, Texas.

*     *     *     *     *     *     *     *

"Sixth. Plaintiffs would further represent and show to the court that the only authority given by the charter of the city of Port Arthur to the commissioners of the city of Port Arthur to pass said ordinance hereinbefore referred to is section 10, page 40, of the City Charter, and is in words and figures in substance as follows:

"'Section 10. *Hack Drivers, etc.*—To make all needful and. proper regulations concerning water carriers, draymen and drivers of horses, omnibuses, hacks, baggage wagons and all other vehicles; to prevent extortion, and to preserve order and to prevent noise and confusion in and about the several depots on the arrival and departure of trains, and to provide how and where hacks and other carriers shall stand or take their positions upon streets adjacent to or near said depots, or to theaters and other places of public entertainments or gatherings, and where they shall stand when not receiving or discharging passengers; to license, tax and regulate draymen, hackmen, omnibus drivers, baggage wagon drivers, and drivers of vehicles of every kind, and all others pursuing like occupations, with or without vehicles, and prescribe their compensation, and to make it a misdemeanor for any person to attempt to defraud them of any legal charge for service rendered; to regulate stands for vehicles, license and restrain runners for railroads, vehicles of any kind, or other business of any kind, to prohibit or regulate hacks, *more* wagons, baggage wagons or drivers of any thereof from making public stands in the streets of the city, and prescribe certain bounds within which no hack, *more* wagon or other vehicle or wagon let for hire shall occupy any portion of the public streets therein for the purpose of a public stand or a private stand.'

*       *       *       *       *       *       *

"Eleventh. Plaintiffs allege that they have been forbidden to haul passengers for hire from Beaumont to Port Arthur or from Port Arthur to Beaumont.

"Twelfth. Plaintiffs further allege that the defendants and each of them are threatening to prosecute and have already begun prosecution of these defendants, and that said ordinance makes each and every day a separate offense, and that a multiplicity of suits and great amount of litigation will be the result, and that defendants and each of them are threatening to prosecute these plaintiffs for each and every day they run said cars in violation of said ordinance and that said multiplicity or oppressiveness of criminal prosecution will be continued by the defendants and each of them under said ordinance.

"Thirteenth. * * * These plaintiffs say that said ordinance is oppressive, discriminating, and unreasonable, and therefore contravenes the Constitutions of the state of Texas, and of the United States and is void for the above-named reasons, together with conditions hereafter set out, to wit:

"(1) The city of Port Arthur, Texas, can pass only such ordinances as are authorized by the charter of said city by express or implied terms, and that said charter nowhere provides that said city, by its ordinances, may prohibit the running of automobiles or busses for hire and gives to said city the power to regulate same only.

"(2) Said ordinance by its terms provides for a penal offense for any one running a bus or automobile for hire from any point within the city of Port Arthur, Texas, to the city of Beaumont, Texas, and from the city of Beaumont, Texas, to any point within the city of Port Arthur, Texas, thereby including in said ordinance the distance of approximately twenty (20) miles of territory not included within the city limits of the city of Port Arthur.

"(3) Said ordinance closed the doors of the city of Port Arthur to these plaintiffs, preventing them from exercising their rights to engage in a lawful business, but permits and encourages others similarly engaged and within' the same class of these plaintiffs to engage in the same work or occupation denied these plaintiffs, and therefore contravenes the Constitution of the state of Texas, article 1, section 3, which provides all freemen, when they form a social compact, have equal rights, and no man or set of men is entitled to exclusive, separate, public emoluments, or benefits, but in consideration of public services.

\*    \*    \*    \*    \*    \*    \*    \*

"(6) Said ordinance is void because it is a usurpation of a power not given to it by a statute of the state of Texas, or the charter of the city of Port Arthur, Jefferson county, Texas, in that, it is an indirect invasion of personal liberty of the plaintiffs herein in- denying them who are citizens and taxpayers of the city of Port Arthur of the same rights of ingress and egress that other men in the same class in the city of Port Arthur and adjoining cities enjoy, and is therefore unreasonable, discriminating, oppressive, and void.

"These plaintiffs further say that said ordinance, and the way and manner in which it is being enforced and operated, contravenes the Constitution of the state of Texas, article ——, section 26, which provides that a monopoly shall never be created or allowed, and in this these plaintiffs allege that said ordinance has for its purposes and its enforcement would create a monopoly in ¸favor of the Eastern Texas Electric Company, carrying passengers for hire from the city of Port Arthur to the city of Beaumont and from the city of Beaumont to the city of Port Arthur, and is therefore void.

"Plaintiffs allege that said Ordinance No. 590 was not passed in good faith and that said city commission had no jurisdiction of the subject-matter referred to therein and were without lawful or legal rights to pass the same, and that said ordinance is unreasonable, arbitrary, oppressive, and discriminating, and was enacted for the purpose hereinbefore alleged.

"Plaintiffs further say to the court that they stand ready and willing at all times to abide by and respect any reasonable regulation or ordinance that the commission of the city of Port Arthur may see fit to pass, and will comply with any reasonable requirement of said city, if permitted to run their business in the same way and manner as other men similarly situated and within the same class of business are engaged.

"Plaintiffs further allege that the business operated by them is of very great profitable value and convenient, in this: That ¸they transport passengers at a very reasonable price and in a very careful manner, and that at times intervening between the cars run by the Eastern Texas Electric Company, and it affords the citizenship of both the city of Port Arthur and the city of Beaumont the pleasure and privileges of selecting the way and manner in which they desire to travel.

"These plaintiffs further allege that said Ordinance No. 590 is unreasonable and oppressive, in this: That it prohibits these plaintiffs or any one hauling passengers for hire, regardless of emergency, from the city of Port Arthur to the city of Beaumont and from the city of Beaumont to the city of Port Arthur, and has the effect of prohibiting any kind of transportation for hire, from 11 o'clock p. m. to 5 a. m. from Beaumont to Port Arthur and from Port Arthur to Beaumont, at which times the interurban cars run by the Eastern Electric Company do not operate. \* \* \*

"Wherefore these plaintiffs pray the court that defendants and each of them be cited to appear and answer this petition; that defendant, and each of them, their agents and representatives, be temporarily enjoined from in any way interfering with these plaintiffs in the operation of their business, or threatened multiplicity of suits be restrained, and that upon a final hearing hereof that plaintiffs have judgment declaring said ordinance null and void; that the temporary injunction be made permanent, for cost of suit, and general relief, that he will ever pray."

Appellants specially pleaded the following provisions of the act incorporating the city of Port Arthur:

"Section 1. *Control of Streets.*—To lay out, establish, open, alter, widen, extend, grade, narrow, care for, pave, supervise, maintain and improve streets, alleys, sidewalks, squares, parks, public places and bridges, and shall have exclusive power and control over the same, and over all streets, alleys, sidewalks and public places and bridges that do now or shall hereafter exist in said city, and to vacate and close the same, to sprinkle, clean and care for same, and to regulate the use thereof, and to require the removal from the streets and sidewalks of all obstructions, telegraph, telephone, street railway or other poles carrying electric currents or wires, signs, fruit stands, show cases and encroachments of every kind and character upon said streets or sidewalks; and for the purpose of straightening, opening or widening any street, where the commission shall by unanimous vote deem the same necessary, it shall have the power to sell or give in exchange any portion of any street for other property, and to give valid title to said street in the said exchange; and to close private ways." Article 3, subc. 5, § 1, c. 52, p. 569, of the Special Laws of the 32d Legislature.

The hearing was on petition and answer, and after due consideration of these pleadings the court entered the following order, omitting that part of the judgment disposing of the demurrers:

"Whereupon, all parties in interest being before the court, as well as plaintiffs and defendants, and being represented by their attorneys, and having announced ready for trial on the motion to dissolve said injunction, and the court having heard the pleadings read and the argument of counsel thereon, having duly considered the same, is of the opinion that Ordinance 590 of the city of Port Arthur is unreasonable, oppressive, and void, because no power was or is expressly or impliedly given to the city commissioners by charter or by the Legislature to exclude from the streets of Port Arthur busses for hire operating to and from the city of Beaumont, and therefore said motion to dissolve said injunction is therefore denied, to which action of the court in failing and refusing to sustain the defendants' plea to the jursdiction, and the special exceptions urged, and in failing and refusing to dissolve said injunction, and in decreeing Ordinance 590 void, the defendants then and there in open court excepted, and gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, sitting at Beaumont."

### Opinion.

[1, 2] The court's order perpetuating this injunction must be reversed. There are no allegations in appellees' petition involving their property interests, nor any showing that the enforcement of the ordinance would destroy any of their vested rights, nor that its enforcement would be attended by any unusual circumstances, nor work any hardship on them. We find nothing in appellees' allegations in relation to the enforcement of the ordinance that could not be said of the attempt on the part of the state or of a city to enforce any penal legislation. Equity will not restrain the enforcement of a criminal law or ordinance, unless its enforcement would result in property loss, or the destruction of some vested right, or unless its enforcement would be attended by unusual, exceptional, or extraordinary results; that is to say, the allegations must show some special hardship or burden not usually and ordinarily suffered by a defendant charged with a penal offense. On this proposition we said in Neal v. Boog-Scott, 247 S. W. 689:

"In the instant case, however, as to the points now under consideration, it will suffice to say that, if such contentions on the part of appellants be sound, they would have a complete defense to any criminal prosecution that might be commenced, and therefore, in the absence of any showing by their petition as to these contentions, that their property would be destroyed or the enjoyment of its use be impaired by such criminal prosecution, they are not, under the authorities cited, entitled to injunctive relief, and as to these matters

the trial court was not in error in sustaining the general demurrer."

Judge Dunklin said, in City of Graham v. Seal (Tex. Civ. App.) 235 S. W. 670:

"The general rule is that a criminal prosecution cannot be enjoined in a civil action even where the ordinance or statute under which the prosecution is instituted is void, unless the enforcement of the ordinance or statute would result in the destruction or deterioration of the value of property; but that if the enforcement of the law would result in injury to property, or if the facts incident to its enforcement are so extraordinary or of such an exceptional nature as that injunctive relief is the only adequate relief that can be afforded the complaining party, then an action for injunction will lie. See City of Austin v. Cemetery Association, 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114; Greiner-Kelly Drug Co. v. Truett, 97 Tex. 377, 79 S. W. 4; Auto Trans. Co., v. City of Fort Worth, 182 S. W. 685, writ of error denied."

Under the proposition announced in the cases just cited, the court erred in refusing to sustain appellants' general demurrer to appellees' petition.

It is therefore our order that the judgment of the trial court be reversed, and this cause remanded.