## SHUPE v. CITY OF FORT STOCKTON et al.

### No. 3817.

Court of Civil Appeals of Texas. El Paso.

Dec. 15, 1938.

W. C. Jackson, of Fort Stockton, for appellant.

W. A. Hadden, City Attorney, of Fort Stockton, for appellees.

NEALON, Chief Justice.

This is an appeal from an order dissolving a temporary injunction. Appellant, as plaintiff below, sought to enjoin the City of Fort Stockton, which is incorporated under the General Laws, its mayor, its secretary, and its attorney from enforcing a certain penal ordinance passed and approved April 28, 1931. Articles 1, 2 and 4 of said ordinance read as follows:

"Art. 1. Any person, firm or corporation before moving any tent, house, building or buildings, constructed of cloth, wood, sheetiron, brick, stone, adobe or other building material from without the city limits of the City of Fort Stockton, Texas, into the city limits of said City, shall procure, upon written application, a permit to do so from said City of Fort Stockton, by applying to its City Secretary of said City.

"Art. 2. Before any permit is issued as applied for in Art. 1 hereof, the person, firm or corporation making such application for said permit, shall deposit and pay to the City Secretary of said City the sum of Two Hundred & No/100 ($200.00) Dollars in cash for such permit, which fee shall be paid before said tent, house, building or buildings are moved into said City limits.

"Art. 4. Any person, firm or corporation violating any of the provisions of this ordi-

nance shall be deemed guilty of a misdemeanor, and upon conviction be subject to a fine of from five to one hundred dollars, and for each day the said ordinance is violated, the same shall constitute a separate offense."

Article 3 provides that the ordinance shall not be construed to permit buildings to be moved into the fire limits of the City without compliance with the fire ordinance or ordinances, and is not to supersede or conflict with the fire ordinances.

G. S. Shupe, appellant, owned a lot within the corporate limits of the City of Fort Stockton. It was situated more than five hundred feet from any building or structure. He owned a house valued at $150, which was located outside of the City limits. He removed this house from its former location to said lot within the City limits without applying for or securing the permit required by the ordinance and without paying or offering to pay the fee of $200 required by the ordinance. The chief of police filed complaint against Mr. Shupe alleging a violation of the ordinance and caused his arrest. He was placed under bond, but a temporary injunction prevented his trial. Upon a hearing the temporary injunction was dissolved. Appellant excepted.

The case comes to us upon an agreed statement of facts, and it is admitted by the City authorities that if they are not enjoined they will prosecute the complaint against appellant for the violation of said ordinance, "and will continue to prosecute him until he removes his said house outside the City limits of Fort Stockton." This case was pending in the Corporation Court of Fort Stockton at the time the judgment complained of was entered.

### Opinion.

From the preliminary statement of the case it will be noted that appellant seeks equitable aid to prevent the enforcement of a penal ordinance. As a general rule the aid of a court of equity cannot be invoked to enjoin criminal prosecution. City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528, 47 Am. St.Rep. 114; Greiner-Kelley Drug Co. v. Truett, 97 Tex. 377, 79 S.W. 4. It is only where it may be made to appear that the enforcement of a void ordinance will substantially injure the property rights of a plaintiff that he is entitled to injunctive relief (Bielecki v. City of Port Arthur, Tex.

Com.App., 12 S.W.2d 976), and in some cases where a petitioner is threatened with a multiplicity of groundless and oppressive criminal prosecutions under a void enactment and legal remedies are inadequate. City of Tyler v. Story, 44 Tex.Civ.App. 250, 97 S.W. 856.

The first question, therefore, for us to determine is whether or not, if it be admitted that the ordinance is void, its enforcement will substantially injure appellant's property rights. To determine this we think it needs only an analysis of the terms of the ordinance. The act that it penalizes is that of removal of a structure from outside the City limits to a location within the City limits without securing a permit after paying the fee. It is to be noted particularly that it does not attempt to make it unlawful for the owner to use the structure either personally or through tenants once it is within the City limits. While it does indeed recite that each day said ordinance is violated shall constitute a separate offense, it is so worded that there can be no second offense unless the structure is taken outside of the City limits and then brought within them a second time. Just what interpretation the City authorities place upon the provision as to "separate offense" is not revealed by their brief; but the text of the ordinance does not purport to grant them any authority to interfere with the owner's use of the structure when it is once located within the City limits. They have not stipulated that they are going to interfere with the use of the house that was moved. We cannot presume that they will do so in the absence of any color of authority to warrant such action.

Nor can we presume that by stipulating that the present complaint will be prosecuted and prosecution will be continued unless appellant removes his house to a point outside of the City that the City authorities without warrant of law will harass appellant with needless arrests and prosecutions, nor that, if it be determined by the courts having jurisdiction of the alleged offense, that the ordinance is void they will fail to so declare it and acquit appellant.

We must presume, too, in the absence of evidence or agreement to the contrary, that the City authorities will conform their future proceedings to the judgment rendered by the court having jurisdiction. Nor does it appear that if the ordinance is void, and appellant is harassed by wrongful

arrests he may not have adequate relief by recovery of compensatory damages. Cunningham v. Macon, etc., R. Co., 109 U.S. 446, 3 S.Ct. 292, 609, 27 L.Ed. 992; U. S. v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171. We think the legal remedies of appellant are adequate. At least the stipulation of facts filed in this case does not disclose that they are inadequate.

The judgment of the District Court is affirmed.