THE STATE OF TEXAS ET AL V. HONORABLE BRYCE FERGUSON,
DISTRICT JUDGE, ET AL.

THE STATE OF TEXAS ET AL V. HONORABLE H. F. KIRBY,
DISTRICT JUDGE, ET AL.

Nos. 7536, 7537.  Decided March 1, 1939.
Rehearing overruled April 12, 1939.
(125 S. W., 2d Series, 272.)

*Gerald C. Mann,* Attorney General, *W. F. Moore, Glen R. Lewis, A. S. Rollins,* and *R. W. Fairchild,* Assistants Attorney General, for the relators.

*Bryce Ferguson,* Judge, 92nd Judicial District Court, of Texas, in pro per, *Cameron & Hardin,* and *Chas. E. Thompson,* of Edinburg, *Phinney & Hill,* of Dallas, *Doss Hardin,* of Waco, *Ross Hardin,* of Prarie Hill, for respondents.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

The above two cases present, in general, the same questions of law; they were submitted together, have been considered together, and will be disposed of in one opinion.

In the first cause, No. 7536, the State of Texas, The Public Safety Commission of Texas, of which Commission W. H. Richardson, Jr., Albert Sidney Johnson and G. W. Cottingham are the members, and Homer Garrison, Director of the Department of Public Safety of the State of Texas, are the relators, and Honorable Bryce Ferguson, Judge of the 92nd Judicial District of Texas, and S. L. Miller, a resident of Hidalgo County, Texas, are the respondents. The relief sought is a writ of mandamus commanding Judge Ferguson to set aside a temporary restraining order granted by him on February 10, 1939, in Cause No. A-4203, pending on the docket of the District Court of Hidalgo County and a writ of prohibition prohibiting him, as district judge, from interfering in anywise with the peace officers of this State in the enforcement of the provisions of Article 827a, Sections 5(a) and 5(b) of the Penal Code; further prohibiting him, as such judge, from entering any order adjudging or attempting to adjudge any of the relators in contempt of said district court by reason of any alleged disobedience of the restraining order, and further prohibiting him from conducting any hearing or doing anything in connection with said suit other than to dismiss same until further ordered to do so by this Court.

It is made to appear that the restraining order complained of by relators was issued by Judge Ferguson on the 10th day of February, 1939, upon the petition of S. L. Miller alone, who alleged that he was one of a class of several thousand similarly situated and interested citizens, all residents of one or the other of the Counties of Hidalgo, Cameron and Willacy, State of Texas. After this proceeding was instituted in this Court and relators' motion for leave to file their petition for mandamus and prohibition was granted, an amended bill of complaint was filed in the court below in which a number of other citizens of Hidalgo County were joined with Miller as plaintiffs, and in response to such amended bill Judge Ferguson, on that day, ordered the issuance of another writ in lieu of the original. We shall therefore base our decision upon the amended bill of complaint and the order issued thereon on February 20, 1939.

We find it unnecessary to set out, or even summarize, the

allegations of the amended bill. We have examined same and have determined that they were sufficient to invoke the relief granted by the order, provided the judge had the power to grant same. We are, therefore, concerned only with the order issued pursuant to the bill.

■ Before analyzing this order we shall dispose of two preliminary questions of law. First, the claim in the amended bill of complaint that the statutes limiting the sizes of vehicles and the loads which may be hauled in them over the highways of this State are unconstitutional does not present an open question. These statutes have been definitely upheld both by the Supreme Court of the United States and by this Court. Ed Sproles et al, v. T. Binford, sheriff, et al., 286 U. S. 374, 52 Sup. Ct. 581, 76 L. ed. 1167; Ex Parte Sterling, 122 Texas 108, 53 S. W. (2d) 294.

■ Second, this Court is not wanting in jurisdiction to hear these cases, and if the orders under attack are found to be void, to grant the relief prayed for by the relators. Our State Constitution provides in Article 5, Sec. 3:

"* * * The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State of Texas."

Exercising the powers thus conferred the Legislature has provided in Article 1733, R. S. 1925, that:

"The Supreme Court or any Justice thereof, shall have power to issue writs of procedendo, certiorari and all writs of quo warranto or mandamus agreeable to the principles of law regulating such writs, against any district judge, * * *."

It has been determined that these provisions of the Constitution and statutes confer upon this Court the power, in original proceedings, to issue writs of mandamus against trial judges in accordance with the usages of common law. The writ will not lie to correct a merely erroneous or voidable order of the trial judge, but will lie to correct one which he had no power to enter, and which was, therefore, void. Yett v. Cook, 115 Texas 175, 268 S. W. 715, 281 S. W. 843 Seagraves v. Green, 116 Texas 220, 288 S. W. 417; Pickle v. McCall, 86 Texas 212, 24 S. W. 265. It is made to appear that relief is being sought in the Court of Civil Appeals by appeal in one of these causes. We do not think it necessary to consider whether these orders are temporary injunctions, as distinguished from restraining

orders, or whether full relief could be granted by the Court of Civil Appeals, for this court's jurisdiction is not dependent upon a determination of those questions. This Court has announced the rule that, owing to the great volume of business coming before it, it will not entertain jurisdiction of an original mandamus proceeding in a case where like jurisdiction is conferred upon a Court of Civil Appeals, unless it is made to appear that relief was first sought in that court. Dallas Ry. & Term. Co. v. Royall R. Watkins, 126 Texas 116, 86 S. W. (2d) 1081. That rule was announced to aid the court in the dispatch of its business and will not be followed in a case affecting the State as a whole and in which the orderly processes of government have been disturbed. The language of our Chief Justice in Yett v. Cook, supra, seems most appropriate here.

"* * * The fact that application has heretofore been made to the Court of Civil Appeals for relief has no effect on our jurisdiction. Gulf C. & S. F. Ry. Co. v. Muse, 109 Texas, 352, 363, 4 A. L. R., 613, 207 S. W. 897.

"The question here involved is whether the statutory rights of a litigant under a supersedeas may be nullified by the trial court by an injunctive order. It concerns more than the litigants of this case, and more than merely the respective contentions of the relator in the original suit, and those whose interests he may represent, and the relators here. It is of general public interest, affecting every court and litigant in this State.

"* * *"

The order recited that it appeared that the temporary restraining order theretofore issued in response to the original bill had been misconstrued and misunderstood by one or more of the defendants, in that it had been misinterpreted as temporarily restraining the enforcement of one or more of the criminal laws of this State, and that it was deemed appropriate to clarify same. It was then ordered that a temporary restraining order be forthwith issued by the clerk immediately upon the filing with him and approval by him of a bond in the sum of $1,000.00, and

"* * * that such temporary restraining order shall be and remain effective and operative until and pending the further orders of this court temporarily restraining the defendants, their agents, servants, deputies, and employees, and each of them, save and except only those who are duly designated and empowered to act as license and weight inspectors, from halting, detaining or weighing, without a search warrant or warrant of arrest theretofore duly issued by a lawful magis-

trate upon affidavit or complaint duly made before such magistrate, any of the trucks belonging to and operated by the plaintiff while the same are transporting perishable citrus fruits and vegetables or either of such commodities owned by the respective owners of such trucks and originating in the counties of Hidalgo, Cameron and Willacy; and temporarily restraining those agents of the defendants duly commissioned and designated as license and weight inspectors, as provided by law, from halting and detaining any of such trucks aforesaid in those cases in which said license and weight inspectors, or one or more of them, do not have reason to believe that the gross weight of said trucks is unlawful, and further temporarily restraining such license and weight inspectors and all the defendants, their agents, servants, and employees, from unduly and unnecessarily and unlawfully detaining and delaying the operating of said trucks without proceeding forthwith and with reasonable dispatch with the investigation and weighing thereof after the same may have been halted for the purpose of weighing the same; provided, however, that it is not intended that the said restraining order shall, in any manner, restrain any of the defendants from enforcing in all lawful and reasonable manner any criminal law, nor shall it be intended or interpreted to prevent license and weight inspectors, duly authorized and commissioned as such, from halting any such trucks and with reasonable dispatch subjecting them to investigation and weighing, when such license and weight inspector or inspectors has or shall have reason to believe that the same has an unlawful gross weight; it being intended only, with respect to said license and weight inspectors, as distinguished from other officers, that they are restrained only in the halting and weighing of vehicles which they do not have reason to believe are unlawful as to gross weight, and that they be restrained from holding and detaining beyond a reasonable time within which to effect with reasonable dispatch an investigation as to the gross weight of such truck or trucks as they may have reason to believe are unlawful as to the gross weight thereof; and it being intended further temporarily to restrain the defendants and all of the servants, agents and employees of the defendants other than the license and weight inspectors from exercising the power to detain and weigh trucks without a warrant and in the manner peculiarly and solely delegated by law to such license and weight inspectors; and it being further intended that all of the defendants be temporarily restrained from setting up and carrying out a complete and indiscriminate blockade of all truck traffic carrying fruit

and vegetables out of said counties and holding the same indiscriminately at a designated point on the highway, without regard to whether or not many of such trucks are not such as that any one would have reason to believe that the same were excessive as to gross load and without regard to the time that might lapse between the halting thereof and the time when the same can be inspected by the limited number of license and weight inspectors there present.

"It is further ordered that the defendants be commanded and cited to appear in the court room of this court in the court house at Edinburg, Hidalgo County, Texas, on the 7th day of March, A. D. 1939, at 2:00 o'clock P. M., then and there to show cause why a temporary injunction should not be issued, as prayed for in Plaintiffs' First Amended Original Complaint, and the Clerk is directed to issue due notice of said hearing."

Relators claim that the effect of the order as a whole is to enjoin them and other peace officers of the State from enforcing or attempting to enforce valid criminal statutes; that the further effect thereof is to suspend the operation of those statutes, wherefore such order is wholly void. The order is in two parts, one part being directed against license and weight inspectors and the other against all other named officers. As to license and weight inspectors the restraint is from halting and detaining trucks when such officers do not have reason to believe that such trucks are hauling tonnage in excess of that permitted by law, and from unduly detaining the trucks without proceeding forthwith and with reasonable dispatch to investigate and weigh same. Stated differently, these officers are directed to speed up in the performance of their official duties and not to detain any truck unless they have reason to believe that its driver is violating the law.

■ To state the nature of this order is to reveal the lack of power in a judge or court to enter it. Section 28 of Article 1 of our State Constitution prescribes that: "No power of suspending laws in this State shall be exercised except by the Legislature." That is an express denial to the judicial branch of government of any power to suspend any valid statute. Not only may judges and courts not suspend a statute, but neither may they supervise and direct the manner and method of its enforcement by the officers of the executive department of government charged with the duty of enforcing same. This principle is basic in our system of government.

■ Article 827a, Section 6, Vernon's Penal Code, authorizes any license and weight inspector having reason to believe that

the gross weight of a loaded vehicle is excessive to weigh the same and to require that such vehicle be driven to the nearest scales in the event such scales are within two miles. In exercising that authority he is but discharging his official duties. If the discharge of those duties results in loss to persons whose products are being transported over the highways it is but a consequence of law enforcement which citizens must suffer. For the exercise of that authority in an unlawful manner a citizen may have a cause of action against such officer in a proper case, but no power is vested in the judiciary to supervise and control by injunction the manner and method of exercising that power. The power to do so would be the power to set at naught a valid statute. Denton v. McDonald, 104 Texas 206, 135 S. W. 1148, 34 L. R. A. (N. S.) 453; Greiner-Kelly Drug Co. v. Truett, 97 Texas 377, 79 S. W. 4; Box v. Newsom, 43 S. W. (2d) 981; DeShong Motor Freight Line v. Whisnand, 98 S. W. (2d) 389; 32 C. J. Sec. 451, p. 285.

The due, orderly and effective enforcement of the law requires that, when an executive officer goes out to discharge the duties of his office he be not compelled to labor under the constant restraint of an injunction and threat of fine and imprisonment for contempt of court for violating same. Under this order a plaintiff not satisfied with the speed at which an officer was proceeding, or who conceived that the officer had no good reason to believe that the law was being violated, could file complaint with the judge issuing the injunction and have such officer cited to answer for contempt of court. The judge could decide, contrary to the officer's testimony, that the officer did not have good reason to believe that a truck was overloaded, or could decide that the officer did not weigh a truck with reasonable dispatch, and upon such finding or findings adjudge him in contempt of court, and punish him accordingly. In such hearing the judge would substitute his own ideas of dispatch and good reasons for those of the officer or, in other words, would become the sole judge of whether an officer in another branch of government was efficiently discharging his official duties. No such power has been conferred upon a judge, but, on the contrary, it has been expressly denied to him.

We deem it proper here to record that upon the submission of this cause Judge Ferguson appeared in person before the Court, not as representing the interest of any litigant, but for the purpose of making a statement of his position and of his views with reference to the proper functions of a judge. He gave full allegiance to the principle that judges should not at-

tempt to prevent the enforcement of a valid statute. His statement was in keeping with the highest ethics and best tradiions of the bench and bar. He doubtless is sincere in the belief that he has not exceeded due bounds, but has acted under extraordinary circumstances in a manner which was justifiable under the law. But, we do not share his belief. In our opinion he clearly exceeded his authority, and his order, in so far as it applied to the license and weight inspectors, was and is void. As we view the law, a judge has no more power to direct and supervise an officer of the executive department of the government in the manner and method of discharging his official duties than would a sheriff or other executive officer have to direct a judge in the manner and method of discharging his official duties. Were a sheriff to serve notice upon a judge to speed up the trial of his cases so that litigants might not be damaged by delay or should direct the judge to enter no judgment except one which he had good reason to believe was correct, no one would champion his right to do so. Our holding is that a judge has no more power to direct and supervise the manner and method employed by an officer of the executive branch in the discharge of his official duties than has a sheriff or other executive officer to direct and supervise a judge in the manner and method of discharging his official duties.

■■ The other part of the order requires a different treatment. In Head v. State, 131 Texas Crim. Rep. 96, 96 S. W. (2d) 981, the Court of Criminal Appeals held that authority to weigh vehicles for the purpose of determining whether they are overloaded is granted exclusively to license and weight inspectors. This being a criminal statute we shall follow that decision without making any independent investigation of the question. It is a generally accepted rule that injunctive relief may be granted to prevent the enforcement of an unconstitutional statute when its enforcement will result in irreparable injury to property rights. An unconstitutional statute is no statute at all, and the rule authorizing injunctive relief against proceeding thereunder authorizes also such relief against proceeding without authority of law. A peace officer acting without any statutory authority is in the same situation as one acting under the color of an unconstitutional statute. Philadelphia Co. v. Stimson, 223 U. S. 604, 56 L. ed. 570, 32 Sup. Ct. 340. The named officers other than license and weight inspectors have no authority to weigh trucks or make arrests for violation of the statute against overloading without a warrant and sufficient facts were alleged in the amended

bill of complaint to invoke the jurisdiction of the trial court and the judge thereof to enjoin such officers from exercising that authority. The order, however, is too sweeping. It enjoins such officers from halting or detaining any of respondents' trucks unless such officer be acting under a search warrant or warrant of arrest theretofore "*duly* issued by a *lawful* magistrate upon affidavit or complaint *duly* made before such magistrate." (Our italics.) If an officer acts under a writ issued under the forms of law he cannot be made to answer for contempt of court if it should develop that same was not *duly* issued upon complaint *duly* made before a *lawful* magistrate. However, later on in the order this inhibition is explained as restraining such officers "from exercising the power to detain and weigh trucks without a warrant and in the manner peculiarly and solely delegated by law to such license and weight inspectors." To that extent the order is not void. We here restrict it to a restraint against the exercise by such officers of the power delegated exclusively to license and weight inspectors, and, as so restricted, that part of the order will remain undisturbed.

Except as modified by what is written next above, the relief prayed for by relators in this case will be granted. Our order is that the petition for writs of mandamus and prohibition be granted in part.

## Cause No. 7537.

The relators in this cause are the same as in Cause No. 7536 and the relief sought is, in general, the same as that sought in that case. The respondents are Hon. H. F. Kirby, Judge of the 77th Judicial District of Texas, and a large number of citizens of this and other states not necessary here to name. The respondents, other than Judge Kirby, are plaintiffs in a case pending in the court over which Judge Kirby presides as District Judge, and the purpose of this proceeding is to void a restraining order issued by Judge Kirby in that case. We are concerned only with the question of whether the order is void, since an inspection of the petition discloses that it is sufficient as a basis for the relief granted by the order if the power exists to grant it.

The restrainig order was issued February 11, 1939, and was directed against the Public Safety Commission of the State of Texas and its members, its Director, Homer Garrison, its Assistant Director, S. O. Hamm, L. S. Simmons, Sheriff of

Limestone County, and all other sheriffs, deputy sheriffs, constables, deputy constables, city marshals, deputy city marshals, policemen and other peace officers within the State of Texas, and restraining them from committing or encouraging anyone else to commit any of the following acts:

"1. From stopping and/or weighing any trucks while they are being operated over the public highways of the State of Texas by any of the plaintiffs or any of their drivers when such trucks are carrying a net load in excess of seven thousand pounds, but not excess of fourteen thousand pounds.

"2. From stopping and/or weighing any trucks while they are being operated over the public highways of the State of Texas by the plaintiffs or any of their drivers at any time, unless the said defendants, or some one of them, have reason to believe and do believe that such trucks are carrying a net load of excess of fourteen thousand pounds.

"3. From stopping and/or weighing any trucks operated over the public highways of the State of Texas by the plaintiffs or any of their drivers, when such trucks are empty.

"4. From stopping and/or weighing any trucks while they are being operated over the public highways of the State of Texas by any of the plaintiffs or any of their drivers; from filing any complaints against any of the plaintiffs or any of their drivers; from arresting, in any manner delaying, annoying or harassing any of the plaintiffs or any of their drivers; from appearing as witnesses against any of the plaintiffs or any of their drivers; and from encouraging any other officer or person to commit any of the acts just last above enumerated under the following conditions:

"(a) For violating any of the provisions of Article 827a of the Penal Code of the State of Texas purporting to regulate the weight of the load which may be transported over the public highways of the State of Texas on trucks or other motor vehicles in circumstances where the driver or drivers of any such truck, hauling the same load on the same vehicle, or combination of vehicles, on the same continuous journey, has theretofore been convicted and has paid a fine for operating such same motor vehicle, or combination of motor vehicles, carrying the same load on the same continuous journey upon or over any of the public highways of the State of Texas while such motor vehicle, or combination of motor vehicles, was carrying a load in excess of seven thousand pounds and/or fourteen thousand pounds.

"5. From, themselves, unloading any cargo being carried on trucks operated by any of the plaintiffs or any of their drivers

which may appear to be in excess of seven thousand pounds and/or fourteen thousand pounds, and from in any manner delaying, annoying or harassing or encouraging any other officer or person to delay, annoy or harass, any of the plaintiffs or any of their drivers, after any such of said plaintiffs or their said drivers have paid a fine for transporting a load over the public highways of the State of Texas in excess of seven thousand pounds and/or fourteen thousand pounds while any such truck or other motor vehicle so carrying such excess load is being operated by the same driver or drivers on the same truck, carrying the same load, on the same continuous journey.

"It is further ordered that this restraining order shall remain in full force and effect until final determination of this suit, or until further order of this Court upon the condition that the plaintiffs herein execute a good and sufficient bond, conditioned as is required and provided by law, in the sum of One Thousand Dollars.

"It is further ordered, that this cause is set for hearing on the 29th day of April 1939, at 10 o'clock A. M. and the Clerk of this Court is further hereby directed to issue notice thereof to the defendants."

In explanation of the reference in the order to trucks carrying loads of 14000 pounds, it is disclosed that the theory upon which that element was injected into the case is this:

■ Article 827a, Section 5(b) of the Penal Code provides, in effect, that vehicles under certain states of fact and named conditions may lawfully transport loads of 14000 pounds, and are not limited to loads of 7000 pounds. Allegations were made to the effect that the trucks operated by respondents were authorized ·under the facts to haul loads of 14000 pounds. The effect of the restraint with reference to this matter is a determination in this equitable, ex parte proceeding that the plaintiffs in the trial court would have valid defenses if charged with violating the law against overloading, and that they must, therefore, not be arrested or otherwise molested. Similarly, the effect of the restraint against the second arrest of a driver on the same continuous journey who has theretofore paid one fine, is to determine in advance that such driver will have the defense of former jeopardy in such case. It is the settled law that a court of equity has no power to enjoin peace officers from enforcing a valid criminal statute on the ground that, under the facts as alleged in the application for the writ, the parties arrested will have valid defenses. That is a question

for the exclusive determination of the courts in which the criminal cases are tried. Denton v. McDonald, 104 Texas 206, 135 S. W. 1148, 34 L. R. A. (N. S.) 453. Greiner-Kelly Drug Co. v. Truett, 97 Texas 377, 79 S. W. 4; Ex Parte Phares, 122 Texas 104, 53 S. W. (2d) 297.

The restraint against weighing empty trucks seems to be based upon the theory that the statutes authorize the weighing of loaded trucks only. We shall not enter into a discussion of that question further than to observe that there is no statutory blanket inhibition against weighing empty trucks under any circumstances. Whether or not facts may exist in given cases justifying the weighing of empty trucks cannot be determined in advance in an equitable proceeding.

But little further need be written concerning this order in addition to what is written above in Cause No. 7536. It is very sweeping in its terms, covering the entire State and all of the peace officers thereof. Obviously, its effect is to clamp down upon the peace officers of this State such restrictions as that they could not enforce a valid statute, and thus result in the virtual suspension of such statute by a district court judge contrary to the constitutional provision quoted in our opinion above. It is wholly void.

It would seem that, in view of what was written in Ex Parte Sterling, supra, and Ex Parte Phares, supra, this Court should have had no further occasion to set aside orders calculated to suspend or circumvent the enforcement of these statutes. The question of whether they are wise may be debatable as far as citizens and legislators are concerned, but it is not a debatable question as far as the judiciary is concerned, for its duty is to uphold all valid laws. Orderly processes of government under law require that judges faithfully refrain from interfering with peace officers in their efforts to enforce valid statutes, irrespective of whether they may give mental assent to the wisdom of those statutes and irrespective of whether their enforcement may result in regretable hardships to some good citizens.

Our order in this case is that the relief prayed for in relators' petition be granted, and that the clerk of this court issue the appropriate writs.

From and after the release of this opinion the relators and other executive officers of this State may proceed in the discharge of their official duties freed of the restraints of

the writs issued by the trial judges in these cases limited only to the extent indicated by our opinion in Cause No. 7536.

Opinion adopted by the Supreme Court March 1, 1939.

Rehearing overruled April 12, 1939.