**SALINAS v. MOORE, Commissioner of Labor, et al.**

**No. 11685.**

Court of Civil Appeals of Texas.
San Antonio.

March 19, 1947.

J. F. Carl and Joe V. Alamia, both of Edinburg, for appellant.

Price Daniel, Atty. Gen., Grover Sellers, Formerly Atty. Gen., George W. Barcus, Formerly Asst. Atty. Gen., and David Wuntch, Asst. Atty. Gen., all of Austin, for appellees.

MURRAY, Justice.

This suit was instituted by Armando Salinas in the 92d District Court of Hidalgo County, against Mrs. Maureen Moore, Commissioner of the Bureau of Labor Statistics and Labor Commissioner of the State of Texas, Thad Hoot, Deputy Labor Commissioner, and the agents, deputies, servants, inspectors or employees, or any one acting by or under the authority or direction of such Commissioner, seeking to enjoin the defendants from interfering with the plaintiff's trucks and from harassing, arresting and detaining plaintiff.

After a hearing before the court without a jury the trial court denied any and all relief prayed for, from which judgment Armando Salinas has prosecuted this appeal.

It appears from the evidence that appellant has a great number of relatives and friends who do agricultural work. Appellant owns three trucks in which he hauls these friends and relatives to and from fields. He also hauls the farm products which these laborers gather. When they pick cotton he weighs the cotton, hauls it to the gin and performs other services for these laborers, such as hauling water for them. For his services appellant receives the sum of fifty cents per hundred pounds of cotton picked by these laborers.

The Employment and Labor Agency Act, passed by the 48th Legislature in 1943 and found in the Acts of the Regular Session, pages 86 to 93, provides, among other things, that any person who desires to engage in the business of "employment or labor agent" must obtain a license to so act. Article 5221a—4, Vernon's Ann.Civ. Stats. And certain penalties are provided for failure to obtain such license. Article 1593a, § 16, Vernon's Ann. Penal Code. Appellant contemplates that the employees of

the Labor Commissioner may see fit to arrest him and charge him with acting as a "labor agent" without having first obtained a license to so act. He admits he has not obtained a license, but he denies that he is acting as a "labor agent." He does not want to be arrested or molested in any way by the Labor Commissioner or any of her agents or employees, and therefore asks that an injunction be issued.

The trial court properly declined to issue the injunction. To have granted the injunction would have been to enjoin the enforcement of the criminal laws of this State, the exercise of a power which the trial court does not have. State v. Ferguson, 133 Tex. 60, 125 S.W.2d 272; Love v. Worsham, Tex.Civ.App., 101 S.W.2d 598; Greiner-Kelly Drug Co. v. Truett, 97 Tex. 377, 79 S.W. 4.

Whether or not the operations which appellant is carrying on constitute the acting as a labor agent would be a fact question to be determined, should he be prosecuted for operating a labor agency without having first obtained a license to do so.

The judgment is affirmed.