STATE BOARD OF INSURANCE v. HONORABLE CHAS. O. BETTS, JUDGE OF THE DISTRICT COURT OF TRAVIS COUNTY, TEXAS, 98TH JUDICIAL DISTRICT, AND V. F. TAYLOR

No. A-6901. Decided July 16, 1958.
(315 S.W. 2d Series 279).

Will Wilson, Attorney General, Fred B. Werkenthin and C. K. Richards, Assistants Attorney General, for Relators.

Cantey, Hanger, Johnson, Scarborough & Gooch, of Fort Worth, W. G. Wally, of Beaumont, Harry S. Pollard, Rudy Rice and Renne Allred, Jr., and V. F. Taylor, all of Austin, for respondents.

MR. JUSTICE NORVELL delivered the opinion of the Court.

This is an original action in mandamus brought by the relators, State Board of Insurance and the Insurance Commissioner, against respondents, Honorable Chas. O. Betts, Judge of the District Court of Travis County, Texas, 98th Judicial District, and V. F. Taylor, having for its purpose the expunging from the records of said District Court those orders entered by respondent Betts on June 10, 1958 in some 21 insurance company receivership cases pending in said court, wherein the respondent V. F. Taylor was appointed as receiver for the insurance companies involved in such liquidation proceedings.

■ It is the contention of the Attorney General, as the legal representative of the State Board and its Comissioner, that such orders are void because they contravene the expressed will of the Legislature as set forth in a legally adopted constitutional statute. We think this contention must be sustained. It is a generally accepted premise that the failure of a court to observe a mandatory statutory provision conferring a right or forbidding particular action will render its order or judgment void. Cline v. Niblo, 117 Texas 474, 8 S.W. 2d 633, 66 A.L.R. 916; 25 Texas Jur. 802, Judgments Sec. 306.

The controlling question in this case is whether or not the

statutory provision that the liquidator designated by the Insurance Commissioner *shall* be the receiver in the liquidation proceding before a court is mandatory or merely directory. A brief statement from the record taken in connection with the wording of the statute will serve to present the issue.

On January 7, 1958 William A. Harrison designated C. H. Langdeau to serve as liquidator in the event a vacancy should occur in that office. On June 9, 1958 Harrison dismissed J. M. Williamson whom he had theretofore designated as liquidator and re-affirmed his previous order designating Langdeau as liquidator. Consequently on June 9, 1958 Langdeau was the legally and duly appointed liquidator under the provisions of Article 21.28, Vernon's Ann. Texas Insurance Code. Section 2 (a) of the article mentioned provides that:

"Whenever under the law of this State a court of competent jurisdiction finds that a receiver should take charge of the assets of an insurer domiciled in this State, the liquidator designated by the Board of Insurance Commissioners as hereinafter provided for *shall be such receiver*. The liquidator so appointed receiver shall forthwith take possession of the assets of such insurer and deal with the same in his own name as receiver or in the name of the insurer as the court may direct." (Under the 1957 amendment to the Code the duty of designating a liquidator devolves upon the Insurance Commissioner. Senate Bill 222, Acts 1957, 55th Leg., ch. 499, p. 1454, Article 1.02 (b) Vernon's Ann. Texas Ins. Code.)

On June 10, 1958 the respondent Betts entered the order now in dispute. While the other district judges in Travis County, upon Williamson's dismissal, designated the new liquidator Langdeau to act as receiver in their respective courts, Judge Betts designated the respondent Taylor to serve in the 98th District Court despite the terms of Article 21.28 of the Insurance Code. This squarely raises the question of whether the provisions of Article 21.28, Sec. 2 (a), above set out, are mandatory or merely directory. This was the issue intended to be raised and which was raised by Judge Betts for his order which after removing Williamson as receiver, provided that:

"It appearing to this Court that an urgent and imperative necessity for the continuance of this Receivership exists and for this Court to appoint a proper Receiver to continue to act under this Court's jurisdiction, and it further appearing to the Court *that this Court has the exclusive power and duty to ap-*

*point a duly qualified person as Receiver, irrespective of the directory provisions of Article 21.28 of the Texas Insurance Code, 1951, as amended, that the Liquidator appointed by the State Board of Insurance be the Receiver;* and the Court finds that V. F. Taylor, a practicing and duly qualified attorney before the State Bar of Texas and a citizen of this County and State, is duly and properly qualified to be Receiver in this Receivership Estate, and the Court finds that it is to the best interests of this Receivership Estate, its claimants, creditors, policy holders and stockholders that the said V. F. Taylor should be appointed immediately. * * *."

In his answer filed herein the respondent Betts states his position as follows:

"It is the specific position of this Respondent that Article 21.28 of the Insurance Code is directory and not mandatory, wherein it provides for the appointment of the liquidator of the State Board of Insurance as Receiver in receivership cases, and it is the specific position of this Respondent that the Court has the power to appoint attorneys and fix their compensation."

■ While as pointed out therein the issue of a district judge's authority to appoint someone other than the liquidator as receiver was not squarely before us, the opinion rendered by us in the former case of State Board of Insurance v. Betts, District Judge, this volume 83, 308 S.W. 2d 846 was to the effect that Article 21.28, Sec. 2(a) was more than a mere directory statute. The argument that the statute is directory rather than mandatory involves a constitutional point. Th Legislature used the word "shall" which has a clear mandatory connotation. It is urged however that unless the word "shall" be given a permissive rather than a mandatory meaning the statutory section would have to be declared unconstitutional as an unwarranted infringement upon the judicial power and hence contrary to the provisions of Article 2, Sec. 1 of the Texas Constitution relating to the separation of governmental powers. It is concededly a serious matter to strike down duly enacted legislation as being unconstitutional. It is perhaps an equally serious matter to hold that the Legislature did not mean what it said. The problem of statutory construction is to ascertain the intent of the Legislature. When we abandon the plain meaning of words, statutory construction rests upon insecure and obscure foundations at best. It should perhaps be reiterated that Courts have no concern with the wisdom of legislative acts, but it is our plain duty to give effect to the stated purpose or plan of the Legislature, although to us it may seem ill advised or im-

practicable. Western Public Service Co. v. Meharg, 116 Texas 193, 288 S.W. 141, on rehearing, 116 Texas 193, 292 S.W. 168; Easterline v. Bean, 121 Texas 327, 49 S.W. 2d 427; City of San Antonio v. Handley, Texas Civ. App., 308 S.W. 2d 608, wr. ref.; City of Abilene v. Meek, Texas Civ. App., 311 S.W. 2d 654, wr. ref.; 39 Texas Jur. 162, Statutes, Sec. 89. At the time of our former decision we were of the opinion that the wording of Article 21.28, Sec. 2(a) cannot be construed as being directory only without doing unwarranted violence to the language employed by the Legislature. We hold that this section of the Code (Art. 21.28, Sec. 2(a) ) is not directory and that it is not unconstitutional upon the ground urged against it. State Board of Insurance v. Betts, this volume 83, 308 S.W. 2d 846. It follows that the respondent district judge did not possess "the exclusive power and duty to appoint a duly qualified person as Receiver, irrespective of the * * * provisions of Article 21.28 of the Texas Insurance Code. * * *"

■ It is recognized that this Court's power or control over the orders of a district or county court is extremely limited. We have no general supervisory authority over proceedings pending in trial courts. Since our jurisdiction is primarily appellate, the correction of errors made in the course of a trial or other proceedings must, as a general thing, await the entry of a final judgment or concluding decree. A well settled exception to this general rule is that which permits this Court through an exercise of its original jurisdiction to order a trial court to vacate a *void* order and expunge the same from its records. State v. Ferguson, 133 Texas 61, 125 S.W. 2d 272; State Board of Insurance v. Betts, this Volume 83, 308 S.W. 2d 846.

■ The distinction between a void order and one which is merely voidable or erroneous may often present a question difficult of solution. We have come to the conclusion, however, that the orders of June 10, 1958 insofar as they purport to appoint V. F. Taylor as receiver as void because they are in contravention of a valid statutory enactment.

Most of the Texas cases dealing with an order entered during the course of an administration, but which is either unauthorized by or prohibited by a statutory enactment are those relating to estates of decedents or guardianships. These proceedings are the most common of the type which remain pending in our courts over a considerable period of time and in which orders of various kinds are entered as occasion requires. The analogy

between such proceedings and receivership cases is readily apparent.

In Cline v. Niblo, 117 Texas 474, 8 S.W. 2d 633, 638, 66 A.L.R. 916, Chief Justice Cureton writing for the Court quoted with approval the following excerpt from Freeman on Judgments, 5th ed. Sec. 354, with the emphasis indicated by italics, viz:

"This well-established doctrine, that a judgment beyond the court's power is invalid, is not limited in its application to any particular kind of judgment nor is it peculiar to the judgments of any particular court. Irrespective of the character or dignity of the tribunal pronouncing the decision, whether of inferior, limited or superior general jurisdiction, it must confine its determination within the authority it possesses under the law and the case. *If the court is exercising special statutory powers the measure of its authority is the statute itself, and a judgment in excess thereof is null and void and subject to collateral attack, a rule which finds frequent application in the case of probate judgments.*"

See also Withers v. Patterson, 27 Texas 491; Johnson v. Hampton, 117 Texas 580, 8 S.W. 2d 640; Easterline v. Bean, 121 Texas 327, 49 S.W. 2d 427; Grant v. Ellis, Texas Com. App., 50 S.W. 2d 1093; 25 Texas Jur., 822, Judgments Sec. 306.

Both respondents have filed answers herein which contain numerous allegations which are hardly pertinent to the issue before us and were excepted to by relators for that reason. These answers detail at some length the difficulties which the respondent Betts * * * had with the Board of Insurance Commissioners which preceded the present State Board of Insurance. Reference is likewise made to certain testimony adduced Such answers also allege various failures in proper administration which are charged to liquidators who are no longer employed by the Insurance Commissioner or the Board of Insurance. Reference is likewise made to certain testimony adduced at a hearing held by Judge Betts apparently to determine the existence or extent of rumored friction among employees in the liquidation division of the Insurance Department. We are also referred to accounts of conversations between the Insurance Commissioner and the respondent District Judge. It perhaps can be said that the intent of these allegations is to justify the appointment of Taylor as receiver upon the theory that the Board of Insurance and the Insurance Commissioner has been

guilty of nonfeasance or misfeasance which would authorize action on the part of the District Judge.

In our former opinion (this volume 83, 308 S.W. 2d 846) we upheld the District Judge's action in appointing Renne Allred, Jr. as attorney for the liquidator-receiver despite the provisions of Article 21.28, Sec. 12(b) of the Insurance Code which places the power to appoint and fix the compensation of the liquidator, special deputy liquidator, counsel, clerks and assistants with the Board of Insurance and the Insurance Commissioner because of a nonperformance on the part of the Board and Commissioner in failing to designate an attorney to succeed Emmett Shelton, who, on January 8, 1957, resigned the position to which Allred was subsequently appointed. We held that in view of the extensive powers vested in the district judge by statute, which were reviewed in some detail, he was authorized to appoint an attorney considering the inaction on the part of the Board and Commissioner. We said:

"In our opinion the Texas statute does not vest the State Board and its Commissioner with the sole and exclusive power to appoint counsel under any and all conditions. Once liquidation has begun, the court is not rendered powerless to carry out its heavy responsibilities by a nonperformance or misperformance on the part of the Board or its Commisisoner."

In this case there has been no nonperformance on the part of the Board or the Commissioner. There has been no vacancy in the office or position of liquidator. Langdeau became liquidator immediately upon the dismissal of Williamson. Likewise there has been no misperformance on the part of the Board or Commissioner which would justify the District Judge's action in disregarding the statutory mandate which says that the duly appointed liquidator shall act as receiver. The present Board and Commissioner cannot be charged with the alleged derelictions set out in respondents' answers which are charged against precedessor boards that no longer exist. The circumstance that the services of prior liquidators serving under the present Board and Commissioner may not have been unsatisfactory to relators does not deprive them of authority to designate another liquidator nor does it support the District Judge's refusal to recognize such action. Despite the Insurance Commissioner's appointment of Langdeau it seems to be asserted that the Commissioner does not consider him competent because in a disputed conversation with the District Judge, the Commissioner is said to have commented upon Langdeau's supposed lack of executive ability.

(It should perhaps be stated that the Commissioner denies that such inference could properly be drawn from the conversation in question.) However, the statute does not require that the Commissioner appoint that person whom the District Judge should deem the best qualified of all those available for selection. Langdeau has not yet been tried and found wanting, but if for the sake of argument it could be said that he was not a suitable person and his designation constitutes a misperformance on the part of the Commissioner, this, in the absence of the Commissioner's failure to act, could not operate to transfer the appointive power from the Commissioner to the District Judge. We are not concerned here with a simple rejection of the Commissioner's appointee but rather with a rejection coupled with an assertion of a right to designate some person other than the liquidator as receiver despite the provisions of Article 21.28, Sec. 2(a) of the Insurance Code.

This brings us back to the fundamental proposition asserted by the respondents, i.e., that the provisions of the article are directory only. This contention is rejected for the reasons heretofore stated.

The orders of June 10, 1958 insofar as they appoint the respondent Taylor receiver in the insurance company liquidation cases pending in the 98th District Court are void. We assume the respondent District Judge will so treat them and expunge them from the records of said Court. Otherwise the writ of mandamus will issue as prayed for. No motion for rehearing will be entertained. Rule 515, Texas Rules of Civil Procedure.

The Writ of mandamus is conditionally granted.
Opinion delivered July 16, 1958.

MR. JUSTICE CALVERT concurring.

I agree to the judgment entered in this case.

Inasmuch as I have filed a dissent in Cause No. A-6870, this day decided, [Post p. 630] it is perhaps appropriate for me to point out the features which appear to me to distinguish this case from that one.

1. This case does not involve the power of the district court to revise an order of the State Board of Insurance purporting to control the disposition of assets of an insurance

receivership which are specifically committed by Article 21.28, Texas Insurance Code, to the custody of the court.

2. The District Judge undertook by his order under attack in this case to exercise an original power of appointment of a person, other than the liquidator selected by the State Board of Insurance, as receiver, contrary to the provisions of Article 21.28. The order entered by the District Judge does not purport to emanate from his supervisory power to reject an unsuitable person selected as liquidator by the Board. I do not regard the statutory provision directing that the liquidator selected by the Board shall be appointed receiver as per se an interference with the effective exercise of the court's supervisory power. See, State Board of Insurance v. Chas. O. Betts, this volume 83, 308 S.W. 2d 846, 851.

Opinion delivered July 16, 1958.

MR. JUSTICE SMITH concurring.

This concurring opinion is written if for no other reason than to make clear the present position of the writer as to some phases of the parent case of State Board of Insurance v. Betts, this volume 83, 308 S.W. 2d 846. The paramount reason is to point out that in my opinion the public interest would be best served if this Court would voluntarily admit that some expressions in that case need to be overruled. I am in favor of holding that the orders in the present cases are void and in doing so I favor retreating from the holding in the former case which permits the District Court to act in a situation where the statute (Art. 21.28) places the exclusive discretionary power in the State Board of Insurance and the Commissioner of Insurance. The basic question in the former case and the present cases is whether the orders of Respondent Betts are void or merely erroneous. It is my opinion that the Respondent Betts has no authority to act by fiat in exercising his judicial powers under Article 21.28, Vernon's Annotated Civil Statutes. The respondent should be caused to realize that he can only act judicially. Article 21.28, supra, is constitutional, and it is clear to me that it was the intention of the Legislature to vest in the relators the exclusive administrative power of liquidation of insurance companies. This being true, the order in Cause No. A-6870, this volume 624, 315 S.W. 2d 286 increasing the salaries of three attorneys for the liquidator-

receiver, and the order in Cause No. A-6901, appointing V. F. Taylor as receiver in the receivership cases pending in the 98th District Court, are void. In my opinion, this should be declared the law even in a situation such as existed in the former case.

In the former case, it was claimed that the then Board of Insurance Commissioners failed to appoint an attorney for the liquidator and this Court justified and held not void the action of the Court in making such appointment. We said that "in our opinion the Texas Statute (Art. 21.28) does not vest the State Board and its Commissioner with the sole and exclusive power to appoint counsel under any and all conditions." It is this holding with which I now disagree. In the former opinion we said: "* * * Once liquidation has begun, the Court is not rendered powerless to carry out its heavy responsibilities by a nonperformance or misperformance on the part of the Board or its Commissioner. It follows that an order of the Court appointing an attorney to assist in liquidation proceedings is not void."

If this holding is permitted to stand nothing but chaos and confusion can result. A court can, as it obviously has in the present case, under an honest belief he is carrying out his judicial responsibility, create situations in order to exercise powers not given to him by the statute. The respondent has not changed his position since the opinion in the former case was announced. He maintains now that Article 21.28, supra, of the Insurance Code is directory and not mandatory, and that the court has the power to appoint attorneys and fix their compensation. He maintains that the court has the exclusive power and duty to appoint a duly qualified person as receiver, irrespective of the provisions of Article 21.28, supra. He maintained the same position in the former case.

It may be argued that the Legislature is the body which has the duty to define the duties and responsibilities contemplated by the Act. I maintain that the Legislature has clearly defined the duties and responsibilities of the Board of Insurance and the Commissioner. The duty and responsibility under the present law clearly rests with the Board and the Commissioner and not the court. The administration of liquidation of insurance companies is not the responsibility of the court in the sense that the Respondent Betts would have us believe. He thinks that in order to carry out his duties as a Judge under this statute he must have the authority to appoint attorneys in whom he has trust. In this the respondent has a misconception of his responsibility and his duties. He is accountable only for the proper exer-

cise of the judicial functions required of him under Article 21.28, supra. The Respondent Betts is not accountable as to whether or not the Liquidator-Receiver is a suitable person. The statute places that responsibility squarely with the relators. Why should the Respondent Betts be so concerned about the amount of compensation paid to the attorneys for the Liquidator-Receiver? That responsibility is placed with the State Board of Insurance under the provisions of Section 12(b) of Article 21.28, supra. He is no more responsible for the administration of the liquidation of insurance companies than for the administration of the Railroad Commission or the State Banking Department, or the administration of the affairs of the Commissioners Court of Travis County. A District Court simply does not have the authority or power to revise the discretionary acts of any of these agencies of government except in a judicial proceeding.

The caption amending Article 21.28 in 1955, providing for the mendment of the Texas Insurance Code of 1951, reads in part: "* * * Such Act concerning the liquidation, rehabilitation, reorganization, or conservation of insurers, and *placing* same under the Board of Insurance Commissioner * * *." Similar language appears in the caption of the original Liquidation Act in 1939. The District Court's supervisory powers necessarily must be limited to judicial supervision and cannot under any circumstances be extended to include executive supervision. The District Court cannot conduct hearings without notice, such as was done in this case, and then by judicial flat set aside the acts of the relators, neither can the District Judge substitute his discretion for that of the administrative agency. If nothing else, the separation of power doctrine should apply, assuming, of course, that the Act is constitutional and that under the terms of such Act it is a proper administrative function for the relators to perform in selecting suitable persons to serve as Liquidator-Receiver, to serve as attorneys for such Liquidator-Receiver, and to fix the compensation to be paid such persons. There is nothing in the statute or the common law that vests the District Court with discretion to invade the administrative field in the liquidation of insurance companies. This is so even in the event the relators should fail to act.

The respondents argue that under our former opinion, Respondent Betts had the authority to increase the compensation of the respondent attorneys and that his order increasing such salaries was not an abuse of discretion. I do not agree with the

contention. The question should be resolved in favor of relators in such positive language as to forever put the subject to rest.

Respondents make the same contention as to the order appointing V. F. Taylor as Receiver. I cannot agree with respondents in their contention that the provisions of Article 21.28, supra, amount to no more than a recommendation by the Legislature, and that the Legislature in fact intended that all administrative power should be vested in the District Court.

Respondents' contention that the District Court has the exclusive responsibility under what respondents term the "judicial insolvency statutes" enacted prior to the enactment of Article 21.28, supra, in 1939, cannot withstand close examination. Sections 6 and 7 of the Act of 1939 refutes such contention. Section 6 of Article 21.28, supra, provides that in the event of conflict the provisions of the 1939 Act would prevail, and it went further and provided that all laws or parts of laws in conflict with Article 21.28 (1939) were repealed to the extent of such conflict. Section 7, the emergency clause of the Act, stated the emergency to be the fact that there were no adequate laws in the State of Texas for the liquidation, reorganization, or conservation of an insolvent insurance company. The inadequate laws referred to were the same laws Respondent Betts now relies upon as authority for the issuance of the orders under consideration. The Legislature deemed these prior general receivership laws as wholly inadequate in dealing with the liquidation of insurance companies. Hence, Article 21.28, supra, was passed as an emergency measure. The effect of our former opinion was to, in part at least, give effect to the older general receivership statutes and has to a great degree nullified the wholesome provisions of the 1939 Act as amended. This mistake should be corrected immediately. I did not believe at the time that the holding to the effect that the failure of the Board to act was ground for the Court to act would be so far reaching as to cause any court to lose sight of the principal holding in the case.

The writ of mandamus should be granted commending the Honorable Chas. O. Betts, Judge of the District Court of Travis County, Texas, 98th Judicial District, to expunge, set aside, and hold for naught the order involved herein.

Opinion delivered July 16, 1958.