**C. H. LANGDEAU, Receiver of Midwestern Security Life Insurance Company of Texas, Appellant,**

v.

**Howard W. M. JONES et ux., Appellees.**

No. 16094.

Court of Civil Appeals of Texas.

Dallas.

Jan. 11, 1963.

Cecil C. Rotsch, John R. Grace and A. M. LeCroix, Austin, for appellant.

Paul K. Hyde, Dallas, for appellees.

DIXON, Chief Justice.

C. H. Langdeau, Receiver of Midwestern Security Life Insurance Company, has appealed from an order overruling a plea of privilege. Langdeau, Receiver, is one of two defendants named in a suit pending in Dallas County. He was appointed Receiver by a Travis County District Court pursuant to Art. 21.28, Insurance Code, V.A.T.S. He seeks to have the cause of action as to him transferred to Travis County for trial.

Appellees Howard W. M. Jones and wife Alene Jones were plaintiffs in the trial court. The transcript does not contain a copy of their original petition. Elsewhere in the record it is stated that the original petition was filed March 23, 1960, and that Midwestern Security Life Insurance Company was originally the only defendant. In their brief appellees say they sued Midwestern for damages for breach of contract, defamation of character and business reputation, fraud, deceit and unlawful conduct.

Thereafter while said suit was pending in Dallas County, delinquency proceedings against Midwestern Security Life Insurance Company were instituted in the 53rd District Court of Travis County as provided by Art. 21.28, Insurance Code. On October 28, 1960, by order of said Court Midwestern was placed in permanent receivership. Appellant Langdeau, as statutory liquidator, was appointed receiver.

Subsequently on December 6, 1960, appellees Jones filed their First Amended Original Petition wherein for the first time Langdeau, Receiver, was named as a party defendant along with Midwestern.

On January 6, 1961, Langdeau, Receiver, filed his plea of privilege, which is in statutory form and in addition expressly alleges that venue lies in Travis County under the provisions of Art. 21.28, Insurance Code.

In their controverting affidavit appellees assert that venue properly lies in Dallas County under Subd. 23 of Art. 1995, Vernon's Ann.Civ.St. In their argument in their brief they seek to invoke both Subds. 23 and 4 of the Statute.

On April 6, 1961, a hearing was held on appellant's plea of privilege. In connection with this hearing the attorneys for appellant and appellees signed a written agreement wherein it is stated that plaintiffs (appellees here) had no evidence to tender or offer except their sworn reply to pleas in abatement and to the jurisdiction previously filed by defendant (appellant here). This agreed statement also stated that "the hearing on the plea of privilege was strictly a matter of legal construction of the insurance code, * * *." The court took the matter under advisement and on January 29, 1962, overruled appellant's plea of privilege.

Appellees' sworn answer to the pleas in abatement and to the jurisdiction, above referred to, alleges that appellees' suit against Midwestern was instituted in Dallas County, March 23, 1960, prior to the time the delinquency proceedings against Midwestern were instituted in Travis County; that on December 8, 1960, Langdeau, Receiver, was made a party defendant in the Dallas County suit; and that Sec. 4(d) of Art. 21.28, Insurance Code, is applicable to this case, not Secs. 3(a) and (h) of the Statute.

Sec. 4(d) of the Code provides that in pending lawsuits no order or judgment entered by any court after the commencement of delinquency proceedings shall be binding on the receiver unless the receiver shall have been made a party to such suit.

Secs. 3(a) and (h) refer to the filing of claims with the receiver and the receiver's action thereon.

■ Appellant Langdeau, Receiver, contends that venue in this case as to him lies in Travis County under the provisions of Secs. 4(e) and (f) of Art. 21.28, Insurance Code. These sections are as follows:

"(e) * * * the provisions of Articles 2310 and 2311 of the Revised Civil Statutes of Texas of 1925, as amended, shall not apply to insolvent insurance companies being administered under this Article.

"(f) New Lawsuits. The court of competent jurisdiction to the county in which the delinquency proceedings are pending under this Article shall have venue to hear and determine all action or proceedings instituted after the commencement of delinquency proceedings by or against the insurer or receiver."

We agree with appellant. We have found no case exactly in point. But the opinions of our Supreme Court in a number of cases seem to point the way here. In State Board of Insurance v. Betts (1958), 158 Tex. 612, 315 S.W.2d 279, and State Board of Insurance, et al. v. Betts (1958), 158 Tex. 624, 315 S.W.2d 286 it is held that the statutory provision is mandatory that the liquidator designated by the Insurance Commissioner *shall* be appointed receiver in the liquidation proceedings. In Langdeau v. Republic National Bank of Dallas, 161 Tex. 349, 341 S.W.2d 161 venue is held to be in the county in which delinquency proceedings are pending. It is true that Art. 21.28, Insurance Code, classifies receivers of insolvent insurance companies separately from general receivers, nevertheless in Langdeau, Receiver v. Bouknight, 162 Tex. 42, 344 S.W.2d 435, 441–442 the Statute is held to be valid.

We are not holding in this opinion that the provisions of Sec. 4(f) of Art. 21.28, Insurance Code, are mandatory in the sense that they are jurisdictional in nature—that no other court than a court in Travis County has jurisdiction to try a suit by or against a receiver appointed pursuant to Art. 21.28,

Insurance Code. That question is not before us. We are simply holding that it was mandatory under the law for the trial court to sustain appellant's plea of privilege under the circumstances presented by the record before us.

Appellee argues that Sec. 4(f) of the Statute is not applicable in this case because this is not a "New Lawsuit"; that the original lawsuit against Midwestern Security Life Insurance Company as sole defendant was filed before the delinquency proceedings were filed in Travis County. Appellees' argument is not valid as to Langdeau, Receiver. The filing of the amended petition subsequent to the institution of the delinquency proceedings made the Receiver a party for the first time. As to him it was certainly a "New Lawsuit". Sec. 4(f) expressly refers to "proceedings by or against the insurer *or receiver*." (Emphasis ours).

There are other reasons why the plea of privilege in this case should have been sustained. Subd. 23 of Art. 1995, relied on by appellees, provides that suit may be brought against a corporation in the county in which its principal office is situated. There is no evidence in the record before us that the principal office of Midwestern is in Dallas County. Furthermore, since Langdeau, Receiver, is not a corporation Subd. 23 cannot be applicable to him.

█ Subd. 4 of Art. 1995, also relied on by appellees, provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. However, under this subdivision it is necessary for a plaintiff to prove a cause of action against the resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Owen v. Herring, Tex.Civ. App., 330 S.W.2d 500. There is no evidence in the record before us in support of the cause of action pled by appellees against Midwestern, the resident defendant. Therefore appellees are not entitled to look to Subd. 4 to retain venue in Dallas County.

Appellant's point on appeal is sustained.

The judgment of the trial court is reversed, judgment is here rendered sustaining the plea of privilege of Langdeau, Receiver, and the trial court is directed to transfer the cause of action as to the Receiver to Travis County.

BATEMAN, J., not sitting.