Richard French KESSLER et al., Appellants,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 4187.

Court of Civil Appeals of Texas.

Eastland.

Oct. 20, 1967.

Rehearing Denied Nov. 17, 1967.

Scarborough, Black, Tarpley & Scarborough, Beverly Tarpley, Abilene, for appellants.

McMahon, Smart, Sprain, Wilson & Camp, John Camp, Abilene, for appellee.

PER CURIAM.

The judgment entered herein on September 22, 1967 is set aside and the original opinion withdrawn and this opinion will be substituted for the original.

Charles O. Kessler was killed in the course of his employment by Springer Drilling Company. He was survived by a wife and three minor children, namely, Richard

French Kessler, Charles David Kessler and Constance Ann Kessler. His widow was not the mother of the children and not a party to this litigation. Annabelle Eskelson is the mother of the children. She was appointed guardian of their estate by an order of the Probate Court of Taylor County. Her application alleged that she and the children resided in California.

The order appointing Mrs. Eskelson guardian, which appears to be regular on its face, contains the following provision:

"* * * and it appearing to the Court and the Court being satisfied after due hearing—, that said minors have no lawful guardian of their estates, that the said Annabelle Eskelson is the mother of said minors and is not disqualified from accepting letters of guardianship and is entitled to be appointed guardian of their estates, that it will be to the benefit and interest of the minors if she be appointed guardian, and that their property rights will be protected if she is appointed, and that this Court has jurisdiction * * *"

Certified copies of an order authorizing the guardian to settle the minors' compensation claim against the Insurance Company were filed with the Industrial Accident Board and Texas Employers' Insurance Association. The Board entered an award ordering the Association to pay:

"* * * the duly appointed, qualified and legal guardian of Richard French Kessler, Charles David Kessler and Constance Ann Kessler, Minors, $5,572.37 in accrued and lump sum payments of compensation, as approved by the Order of the Probate Judge."

The Association appealed and filed its petition in the District Court of Stonewall County and tendered the amount of the award into court. The guardian filed a cross action asking for judgment for the amount of the award plus penalty and attorney's fees. The guardian's motion for a summary judgment was overruled and

the Association's motion for summary judgment was granted and the court ordered:

"* * * that the defendants, Richard French Kessler, Charles David Kessler and Constance Ann Kessler, minors, do have and recover of and from the plaintiff Texas Employers' Insurance Association, the sum of FIVE THOUSAND FIVE HUNDRED EIGHTY-TWO AND 74/100 ($5,582.74) DOLLARS, in equal proportions; and that the plaintiff, Texas Employers' Insurance Association be and it is hereby relieved of and discharged from any further liability to the minor defendants—" "It is further ORDERED, ADJUDGED and DECREED by tne Court that the Award of the Industrial Accident Board of the State of Texas dated April 22, 1966, in said Board No. E–60084, styled Charles O. Kessler, deceased, employee vs. Springer Drilling Company, employer, Texas Employers' Insurance Association, insurance carrier, insofar only as it orders payment to the duly appointed, qualified and legal guardian of Richard French Kessler, Charles David Kessler, and Constance Ann Kessler, minors, be and the same is hereby set aside and held for naught.

It appearing that the plaintiff has heretofore deposited the sums awarded the minor defendants into the registry of the Court:

It is ORDERED that no execution issue against the plaintiff on this judgment."

The children, acting through their guardian, have appealed. She contends the court erred in holding the order appointing her guardian was void and subject to collateral attack.

Section 124(a) of Texas Probate Code, V.A.T.S. provides for the appointment of a non-resident guardian for non-resident minors. It provides that a non-resident of the State may be appointed guardian of their non-resident ward's estate situated in

Texas provided that such person had been previously appointed in some other State and provided his application for appointment as guardian in Texas be accompanied by a transcript of the proceedings of the foreign State. The Association contends this is the applicable provision which the guardian did not follow and, therefore, the order of appointment is void and subject to collateral attack. It also contends it is entitled to attack the order of appointment collaterally because it was not a party to the Probate proceedings.

We agree with the guardian's contention that her appointment is not void and is not subject to collateral attack. Subsection (b) of Section 124 of Texas Probate Code is as follows:

"(b) Domestic Guardian of Non-Resident

When a non-resident minor or incompetent owns property in this State, guardianship of such estate may be granted when it is made to appear that a necessity exists therefor, in like manner as if such minor or incompetent resided in this State. The court making the grant of such guardianship shall be in the county in which the principal estate of the ward is situated, and said court shall take all such action and make all such orders with respect to the estate of the ward, for the maintenance, support and care, or the education, if necessary, of the ward, out of the proceeds of such ward's estate, in like manner as if the ward were a resident of this State, and guardianship of the person and estate of the ward had been granted by said court, and the ward had been sent abroad by the court for education or treatment. In the event there be a qualified non-resident guardian of such estate, who later desires to qualify in this State, as hereinabove set out, such non-resident guardian may do so, and it shall be grounds for closing the resident guardianship."

Section four of the Probate Code provides that the County Court shall have general jurisdiction of a Probate Court and Section 109 provides that the surviving parent is the natural guardian and entitled to be appointed guardian of her children's estate.

The Association relies on Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428, (Sup.Ct., 1959). The court in concluding that a default judgment was void said:

"Generally speaking, a judgment rendered by a legally constituted and organized court having jurisdiction over the subject matter of and the parties to a suit will be held valid, Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876, 877; Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810, 812, unless the particular judgment is one which the court had no power to render. State v. Ferguson, 133 Tex. 60, 125 S.W.2d 272; Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 66 A.L.R. 916; State Board of Insurance v. Betts, Tex., [158 Tex. 612,] 315 S.W.2d 279. Judgments are void for lack of power in courts to render them when they are rendered contrary to constitutional or valid statutory prohibition or outside limiting constitutional or statutory authority. State v. Ferguson, supra; Cline v. Niblo, supra; State Board of Insurance v. Betts, supra. They are not void when rendered in violation of statutory provision which is merely directory, Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66; 25 Tex.Jur. 735–736, Judgments, § 276, or for purely procedural irregularity. 25 Tex.Jur. 809–812, Judgments, § 308."

The judgment appointing Mrs. Eskelson guardian was rendered by a legally constituted court having jurisdiction over the subject matter and the parties. The judgment is void only if rendered contrary to valid statutory prohibition or outside statutory authority.

"When a judgment is assailed collaterally on the theory that the court had no jurisdiction over the subject matter, either by reason of the nonexistence of the facts prerequisite to its taking cognizance or

by reason of quantitative or territorial limitations on its powers, every reasonable presumption in favor of the court's authority will be indulged." 34 Tex.Jur. 2d p. 356.

"Every reasonable presumption will be indulged in support of a judgment valid on its face that is assailed collaterally. And so long as the record affords a basis for any such presumption the attack cannot prevail." 34 Tex.Jur.2d p. 350.

In State Board of Insurance v. Betts, 158 Tex. 612, 315 S.W.2d 279, cited by the Supreme Court in Freeman, the Honorable Charles O. Betts, District Judge of Travis County, appointed a receiver contrary to a provision of Article 21.28 of the Insurance Code, V.A.T.S. which provided:

"Whenever under the law of this State a court of competent jurisdiction finds that a receiver should take charge of the assets of an insurer domiciled in this State, the liquidator designated by the Board of Insurance Commissioners as hereinafter provided for shall be such receiver."

■ Betts contended that unless the word "shall" used in the statute be given a permissive rather than a mandatory meaning the statute would be unconstitutional as an infringement upon the judicial power. The Supreme Court held that said section was not directory and was not unconstitutional and the appointment of a receiver was void because made in contravention of a valid statutory enactment. Betts is not in point and not controlling in the instant case because Judge Betts did not follow the mandatory provision of the statute which commanded him to appoint a particular receiver. There is nothing in subsection (b) which prohibits appointment of a non-resident guardian of non-resident minors. When this section is read in the light of the authorities on construction of statutes and the presumption in favor of the court's authority to make such appointment, we are compelled to hold that the appointment of Mrs. Eskelson, as guardian, was not void

and the Association had no right to make a collateral attack on such judgment.

■ In Gayle v. Alexander, Tex.Civ. App., 75 S.W.2d 706, (no writ history), the court said:

"A mandatory provision in a statute is one, the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one, the observance of which is not necessary to the validity of the proceeding. A statute may be mandatory in some respects and directory in others. 59 C.J., p. 1072 § 630; Carrier v. Comstock, 108 Ark. 515, 159 S.W. 1097, par. 2; Hocking Power Co. v. Harrison, 20 Ohio App. 135, 153 N.E. 155, 156, par. 1; Deibert v. Rhodes, 291 Pa. 550, 140 A. 515, 516, 517, pars. 2, 3, and 4. There is no universal rule or absolute test by which directory provisions in a statute may in all circumstances be distinguished from those which are mandatory, but in the determination of this question, as every other question of statutory construction, the prime object is to ascertain the legislative intent from a consideration of the entire statute, its nature, its object, and the consequences that would result from construing it one way or the other. Words of permissive character may be given a mandatory significance to effect the legislative intent. On the other hand, the language of a statute, however mandatory in form, may be deemed directory whenever the legislative purpose can best be carried out by such construction."

We hold that the order appointing Mrs. Eskelson guardian was not rendered contrary to any statutory prohibition or outside statutory authority.

The Honorable Gus M. Hodges writing on the subject of "Collateral Attacks on Judgments", Texas Law Review, Vol. 41, No. 2, page 163 said:

"Only serious jurisdictional errors are available for a successful collateral attack. A much larger scope of evidence

**138**

is permitted in a direct attack than in a collateral attack. Evidence outside of the record and of any other kind otherwise admissible is permitted. Facts reflected in the record may be disproved and contradicted by evidence from sources other than the record. On collateral attack only the record may be considered; no extrinsic evidence is appropriate. Indeed, recitals in the judgment may not be contradicted by other parts of the record."

 Considering only the recitals in the order appointing Mrs. Eskelson guardian, we could logically conclude that the appointment was made under subsection (a) of Section 124. In a collateral attack the recitals in the judgment cannot be contradicted by other parts of the record, therefore, the order is not void.

 The guardian contends the court erred in holding that the suit filed by appellee constituted an appeal from the award of the Industrial Accident Board. She also contends the court erred in holding that she was not entitled to penalty and attorney's fees. We cannot agree with these contentions.

After the Board made its final award, the Association timely filed its petition in the District Court of Stonewall County which stated "this petitioner appeals the award of the Board for the sole purpose of having assurance that the Probate Court of Taylor County had the authority first to approve the lump sum settlement, and second, to appoint a non-resident as a guardian of non-resident minors."

In McClure v. Georgia Casualty Company, 251 S.W. 800, (Tex.Com.Apps. 1923), the court said:

"The award of the Board in this case never became enforceable because defendant in error gave notice that it was not willing to be bound thereby and brought suit to set the same aside and prosecuted said suit to final judgment. When suit is brought to set aside an award, the trial is de novo. The claimant's right to compensation is put in issue and retried. If the claimant recovers compensation, he is entitled to enforce not the former order of the Board, but the judgment rendered by the court in such suit. Plaintiff in error was not entitled to recover either liquidated damages or attorney's fees."

By timely filing with the Board notice that it would not abide by its final ruling and decision and by timely filing suit in Stonewall County the Association appealed as provided for in Section 5, of Article 8307.

The judgment is reversed and the cause is remanded for a trial on the merits.