

# The Attorney General of Texas

December 19, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

Texas, Suite 700
ston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Lloyd Criss
Chairman
Committee on Labor and
   Employment Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78769

Opinion No. JM-397

Re: When a county treasurer is required to deposit funds under article 1709a, V.T.C.S., and related questions

Dear Representative Criss:

You ask several questions about the 1985 amendment to article 1709a, section 2, V.T.C.S. That provision now reads as follows:

> The County Treasurer in each county of this state shall receive all moneys belonging to the county from whatever source they may be derived. <u>A county officer who receives funds shall deposit them with the County Treasurer or his successor not later than the next regular business day after the day on which the funds are received, but in no event shall deposits be made later than seven business days after receipt of said funds with the following exception. In counties with a population of under 50,000, the Commissioners Court, at its discretion, may extend the time during which funds shall be deposited with the County Treasurer or his successor, up to 30 days from the time said funds are received.</u>

Acts 1985, 69th Leg., ch. 145, at 766 (underlined language added by S.B. No. 449).

You request clarification of the following issues raised by the language added to article 1709a, section 2:

> 1. Is the phrase 'seven business days' intended to be the usual prescribed practice or a grace period without penalty? It would seem that every effort should be made by each fee officer affected to deposit funds by the next business day. The extension of 'seven business days,'

therefore, would be a grace period to allow for extenuating circumstances.

2. Is a 'population under 50,000,' to be determined on the basis of the last federal census or by use of some other numbers? Often, statutes utilizing population references include the phrase 'according to the preceding federal census.' As this phrase is not contained in article 1709a as amended, questions have arisen as to what population figures are to be used to comply with this legislation.

3. Does the phrase 'thirty days' mean calendar or business days? As the statute reads 'seven business days' and 'thirty days' written in the same paragraph, it would seem that 'seven business days' means specifically working days and that 'thirty days' could therefore refer to thirty sequential calendar days.

The statute says that a county officer shall deposit funds "not later than the next regular business day after the day on which the funds are received, but in no event shall deposits be made later than seven business days after receipt of said funds." You ask what the effect of that language would be, but you do not put your question in the context of any particular circumstances.

Statutes prescribing the time for performance of a duty by a public officer are generally held to be directory rather than mandatory, even though the statute uses the word "shall." Chisholm v. Bewley Mills, 287 S.W.2d 943 (Tex. 1956). A duty set out in a directory statute may be effectively and validly performed after the time prescribed for performance has passed. See Kessler v. Texas Employers' Insurance Association, 421 S.W.2d 133, 137 (Tex. Civ. App. - Eastland 1967, writ ref'd n.r.e.).

We assume, however, that you are concerned about the point at which a county officer might be subject to criminal penalties or to a writ of mandamus for failure to deposit funds with the county treasurer, rather than whether a county officer can validly deposit the funds after a certain date. See Turner v. Pruitt, 342 S.W.2d 422 (Tex. 1961) (mandamus lies to compel performance of ministerial duty by government officer); Penal Code §39.01 (defines the offense of "official misconduct" as the willful violation of any law by a public official); see also V.T.C.S. art. 339 (county attorney or district attorney shall institute proceedings against any officer entrusted with collection or safekeeping of public funds who fails to discharge his duties in connection with such funds).

The phrase you ask about appears to contradict itself. First, it directs county officers to deposit funds on the first regular business day after receipt. Then it directs them to do so within seven business days after receipt. The original bill introduced in the Sixty-ninth Legislature simply said that an officer who receives funds shall deposit them on the next regular business day after receipt. S.B. No. 449, 69th Leg. (1985) (as originally introduced). The clause that refers to the seven-day time period was added later in the legislative process. H.J. of Tex., 69th Leg., Reg. Sess. 2269 (May 15, 1985) (House committee substitute for S.B. No. 449).

The legislative history of S.B. No. 449 leads us to conclude that the legislature was unwilling to enact a statute that would have allowed county officers only one day in which to deposit funds with the county treasurer. Thus we construe the amendment to mean that county officials should deposit funds on the first day after receipt, if possible, but that failure to deposit funds with the county treasurer would not be a violation of a clear statutory duty until seven business days after the county official in question had received the funds.

Your second question is whether the determination of a county's population for purposes of article 1709a is to be made on the basis of the last federal census or on some other basis. Article 1709a does not state how a commissioners court is to determine a county's population. Nor is there an applicable general statute. Cf. V.T.C.S. art. 5429b-2, §1.04(3) (for purposes of code provisions "population" is that shown by last federal census).

It is implicit in the grant of power to commissioners courts, however, that a commissioners court may determine the population of the county it governs by any reasonable and suitable procedure. City of Tyler v. Tyler Building & Loan Association, 81 S.W. 2 (Tex. 1904); see Attorney General Opinion WW-1491 (1962). In the absence of unusual circumstances, the last federal census would be a reasonable method of determining the population of a county.

Your third question concerns the provision in article 1709a that permits commissioners courts in counties with a population of less than 50,000 to extend the time period during which funds received may be deposited "up to 30 days from the time said funds are received." You ask whether this means 30 business days or 30 calendar days. Previously in the same provision the legislature twice used the term "business days." Consequently, we think that the legislature's choice of the phrase "30 days" must be read as 30 calendar days.

### S U M M A R Y

A county official's failure to deposit county
funds with the county treasurer within seven days

of the county official's receipt of such funds would be a violation of his statutory duty. V.T.C.S. art. 1709a.

In determining the population of a county for purposes of article 1709a, a commissioners court may use any reasonable and suitable method.

The phrase "30 days" in article 1709a means calendar days, not business days.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General