James T. ODIORNE, Receiver of Ideal Mutual Insurance Company of New York, Appellant,

v.

**SKYHAWK AVIATION, Appellee.**

No. 08–86–00327–CV.

Court of Appeals of Texas, El Paso.

June 24, 1987.

Rehearing Denied July 22, 1987.

**358**

Stephen L. Hubbard, Freytag, Perry, La-Force, Rubinstein & Teofan, Dallas, for appellant.

Ray P. Moudy, Robert L. Evans & Associates, Midland, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal by the receiver of an insurance carrier for $25,000.00 in damages to an aircraft. We affirm.

Plaintiff filed suit in Midland County against the insurance company and resident Codefendants on August 23, 1984, establishing venue under Article 15.061, Civil Practice & Remedies Code. Subsequently in Travis County, the State of Texas initiated delinquency proceedings against the insurance company. On March 22, 1985, the Travis County District Court declared the company to be an impaired insurer, and a receiver was appointed on March 22, 1985. Plaintiff's claim was presented to the receiver and was duly rejected on June 17, 1985.

On September 6, 1985, Plaintiff joined the Defendant-receiver as a party defendant to his Midland County lawsuit. The receiver unsuccessfully contested venue and jurisdiction in the trial court.

Tex.Ins.Code art. 21.28, sec. 3(h) (Vernon 1981), provides:

Upon the rejection of each claim either in whole or in part, the receiver shall notify the claimant of such rejection by written notice. Action upon a claim so rejected must be brought in the court in which the delinquency proceeding is pending within three (3) months after service of notice; otherwise, the action of the receiver shall be final and not subject to review.

Article 21.28, Section 4(f), states:

New Lawsuits. The court of competent jurisdiction of the county in which the delinquency proceedings are pending under this Article shall have venue to hear and determine all action or proceedings instituted after the commencement of delinquency proceedings by or against the insurer or receiver.

Defendant-receiver contends the suit is mandated to Travis County, citing *Langdeau v. Jones*, 364 S.W.2d 297 (Tex.Civ. App.—Dallas 1963, no writ). However, *Langdeau v. Burke Investment Company*, 163 Tex. 526, 358 S.W.2d 553 (1962), wherein the receiver was the plaintiff, concludes that Article 21.28, Section 4(f), makes the Travis County forum permissive and optional.

The Defendant-receiver further cites *Whitson v. Harris*, 682 S.W.2d 423 (Tex. App.—Amarillo 1984, no writ), as authority for exclusive venue and jurisdiction in the delinquency forum. In that case, the insurance company had been placed in receivership in Travis County *before* suit was filed in Gray County.

Article 21.28, Section 4(d), provides:

Pending Lawsuits. No judgment or order rendered by any court of this State in

any action pending by or against the delinquent insurer after the commencement of delinquency proceedings shall be binding upon the receiver unless the receiver shall have been made a party to such suit.

This language by implication recognizes the jurisdictional possibilities in the nondelinquency forum.

Article 21.28, Section 3(h), applies to litigation filed after delinquency proceedings have been commenced and not to the lawsuits pending at that time.

The judgment of the trial court is affirmed.

