**Jesus D. TAPIADOR, et ux., Appellants,**

v.

**NORTH AMERICAN LLOYDS OF TEXAS, Appellee.**

No. 01–89–00360–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 5, 1989.

See also 772 S.W.2d 954.

Norwood J. Ruiz, Galveston, for appellants.

Karinne McCullough Giessel, Stone, Barker & Lyman, Houston, for appellee.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

## ORDER

PER CURIAM.

Appellants ask this Court to permit the joinder of Steven S. Durish, receiver for North American Lloyds of Texas, ("Lloyds") as an appellee in this appeal.

■ Appellants owned an apartment building that was insured by Lloyds against fire and other risks. Appellant filed suit against Lloyds to recover under the policy for damages sustained as a result of a fire. On the basis of the jury's answers to special issues and the parties' stipulations, the trial court entered a take-nothing judgment against appellants. After appellants perfected their appeal, the district court in Travis County entered a permanent injunction, and an order appointing a permanent receiver of Lloyds. The court appointed Steven S. Durish ("Durish") as the permanent receiver. Pursuant to the permanent injunction, appellants are prohibited from commencing or prosecuting any action or appeal against Lloyds.

Appellants assert Durish's joinder is necessary so that the "appeal might proceed to a final determination and so that all necessary parties [will] be a party thereto and that said final ruling [will] include all the parties necessary for the enforcement of the Court's judgment." Appellants assert that the Texas Insurance Code requires Durish be joined. This section provides:

Pending Lawsuits. No judgment or order rendered by *any court* of this State or of any other jurisdiction in *any action pending* by or against the delinquent insurer after the commencement of delinquency proceedings shall be binding

upon the receiver unless the receiver shall have been made a party to such suit.

Tex.Ins.Code Ann. art 21.28 § 4(f) (Vernon 1965 & Supp.1989) (emphasis added).

Durish responds that this Court does not have jurisdiction over him. Citing Tex.Ins. Code Ann. art. 21.28 § 3(h) (Vernon 1965 & Supp.1989), Durish claims that a court only obtains jurisdiction over a receiver following the receiver's denial, in whole or in part, of an administrative claim against the insolvent insurance company. Article 21.28 § 3(h), however, applies to litigation filed *after* delinquency proceedings have been commenced, not to a lawsuit pending at the time the receiver is appointed. *Odiorne v. Skyhawk Aviation,* 733 S.W.2d 357, 358 (Tex.App.—El Paso 1987, writ ref'd).

■ As a general rule, where the interests of a party to an appellate proceeding have devolved on another, the party acquiring such interest will be allowed to be joined and to prosecute or defend the appeal in place of the original party. 4 C.J.S. *Appeal and Error* § 405 (1957); *see also Christie v. Harris County Fresh Water Supply Dist.,* 317 S.W.2d 219, 224 (Tex.Civ. App.—Waco 1958, writ ref'd n.r.e.) (addition of new parties is proper where the added party has succeeded to all the rights and interests of the previous party).

If we do not allow appellants to join Durish as a party, we will be forcing appellants to prosecute a useless appeal; without Durish as a party, appellants will not have an accountable appellee. By court order, appellants are enjoined from prosecuting their appeal against Lloyds; the Texas Insurance Code protects Durish from any order or judgment unless he is a party. Appellants have the right to an appeal. We are unwilling to deny them an appeal due to circumstances beyond their control.

■ Durish next asserts that if this Court does have jurisdiction, he would not be required to file any response for a period of up to one year. He relies on Tex.Ins. Code Ann. art. 21.28, § 4(g), which states:

*One Year Extensions.* The receiver shall not be required to plead to any suit in which he may be a proper party plaintiff or defendant, in any of the courts in this State until one (1) year after the date of his appointment as receiver, ...

We interpret this section to apply to suits commenced at the trial level and not to actions where a receiver is appointed after appellate jurisdiction is invoked. To hold otherwise would cause unreasonable delays in resolving disputes that are properly before the Court prior to the time a receiver is appointed.

Appellants' motion to join Durish as an appellee is GRANTED.

It is so ORDERED.